◼ P.B.N. ASSOCIATES, Appellant, v XEROX CORPORATION, Respondent.—In an action, *inter alia,* to recover damages for waste, the plaintiff appeals from (1) an order of the Supreme Court, Rockland County (Nelson, J.), entered July 3, 1987, which denied its motion for partial summary judgment as to liability and granted the defendant's motion for summary judgment dismissing the complaint in its entirety, and (2) a judgment of the same court dated July 24, 1987, entered thereon.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the law, by deleting therefrom the provision awarding the defendant judgment on the first cause of action of the complaint, and substituting therefor a provision awarding the plaintiff partial summary judgment as to liability on that cause of action, and severing that cause of action from the remainder of the action; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Rockland County, for an assessment of damages on that cause of action; and it is further,

Ordered that the order is modified accordingly; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The defendant entered into a lease with the plaintiff in 1973. The defendant employed the leased premises as a refurbishing plant for Xerographic copiers until about 1979 or 1980. Sometime in 1979 or 1980, after the defendant discontinued operation of the plant, it discovered the presence of contaminants in the soil which had apparently leaked from storage tanks it buried in the soil under the plant. The defendant promptly removed the tanks from the soil, notifying the New York State Department of Environmental Conservation (hereinafter the DEC) and offering to immediately remedy the contamination. The DEC and the defendant then entered into an order on consent whereby the defendant would conduct hydrogeological tests to determine the nature and scope of the contamination. Pursuant to the order, the defendant was to effectuate restoration of the property.

In 1983, the defendant and the plaintiff entered into another lease which by its terms superseded the 1973 lease. In November 1986 the plaintiff commenced the instant action seeking, inter alia, damages for waste and for breach of the leases.

We find that the act alleged to constitute waste, the accidental leaking of the contaminant, took place in or about 1979 or 1980. Consequently, the cause of action to recover damages for waste is barred by the three-year Statute of Limitations (CPLR 214 [4]). The continuing tort theory would not apply

here, since the act which would constitute waste took place in or about 1979 or 1980, and no subsequent acts are alleged.

As to the cause of action to recover damages for breach of the leases, the defendant warranted, in the paragraph of the 1983 lease entitled "Termination of Prior Leases", that it had committed no act which would cause the lessor or the premises to be "impeached, charged, claimed against, encumbered, burdened or suffer any loss or damage". The record before us reveals that the order on consent between the defendant and the DEC required that the defendant "file a Declaration of Covenants and Restrictions with the real property records" of the Rockland County Clerk's office. The order on consent further provided the Declaration was to "indicate that any successor in title to any portion of the [property] shall be responsible for implementing the provisions of this Order". Since the defendant permitted the contaminant to leak into the soil of the premises, which in turn resulted in the action taken by the DEC culminating in the order on consent, it breached the warranty clause.

We have considered the plaintiff's remaining contentions and have found them to be without merit. Thompson, J. P., Spatt, Sullivan and Harwood, JJ., concur. *[See,* 136 Misc 2d 205.]