■ P.B.N. ASSOCIATES, Respondent, v XEROX CORPORATION, Appellant.—In an action, *inter alia,* to recover damages for the breach of a lease, the defendant appeals from an order of the Supreme Court, Rockland County (Meehan, J.), entered August 9, 1989, which denied its motion for summary judgment on the issue of damages. We deem subdivision (B) of point 1 of the the defendant's brief on this appeal as a motion for renewal and reargument of an appeal from a judgment of the Supreme Court, Rockland County (Nelson, J.), dated July 24, 1987, which was determined by decision and order of this court dated June 27, 1988, which modified the judgment by deleting the provision thereof which granted the defendant judgment dismissing the first cause of action of the complaint and substituting therefor a provision awarding the plaintiff partial summary judgment as to liability on that cause of action. The appeal and motion for renewal and reargument have been referred to the bench which determined the appeal from the judgment dated July 24, 1987. Justice Lawrence has been substituted for former Justice Spatt *(see,* 22 NYCRR 670.1 [c]).

Ordered that the defendant's motion is granted, and upon renewal and reargument, the decision and order of this court dated June 27, 1988, is modified by deleting the second, third and fourth decretal paragraphs thereof and all language after the sentence "The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1])." and substituting therefor the following:

"Ordered that the judgment is affirmed, for reasons stated by Justice Nelson in his memorandum decision at the Supreme Court, dated July 1, 1987; and it is further,

"Ordered that the defendant is awarded one bill of costs." and it is further,

Ordered that in light of the determination on the motion for renewal and reargument, the order entered August 9, 1989, is vacated, with costs to the defendant, and the motion is denied as academic.

On the plaintiff's prior appeal, this court granted it partial summary judgment as to liability with regard to its first cause of action based on an alleged breach of the parties' lease *(see, P.B.N. Assocs. v Xerox Corp.,* 141 AD2d 807). However, that determination was clearly based on the finding that a certain declaration had been provided for in a consent order between the defendant and the New York State Department of Environmental Conservation (hereinafter the DEC) concerning the defendant's cleanup of certain contamination caused by the operation of its plant on the plaintiff's premises. Specifically, this court noted, in effect, that the declaration encumbered the plaintiff's title, in violation of the warranty clause in the parties' 1983 lease, because the declaration provided that " 'any successor in title to any portion of the [property] would be responsible for implementing the provisions of th[e] [consent] Order' " and the document was required to be filed in the " 'real property records' " of the Rockland County Clerk's Office *(see, P.B.N. Assocs. v Xerox Corp., supra,* at 809).

Thereafter, the defendant moved for summary judgment "on the extent of any damages". In support thereof, the defendant presented documentary proof that (1) the consent order, which included the declaration encumbering the plaintiff's title, had not been entered into with the DEC, and (2) the declaration had never been filed with the real property records of the Rockland County Clerk's Office. Nevertheless, the Supreme Court denied the motion on the basis that such relief was precluded by this court's prior determination.

After review of the record and briefs submitted on this appeal by the defendant, the court has determined that it is appropriate to deem subdivision (B) of point 1 of the defendant's brief on this appeal as a motion for renewal and reargument of the prior appeal *(see,* 22 NYCRR 670.6 [a]; *Liss v Trans Auto Sys.,* 68 NY2d 15, 20).

Upon granting renewal and reargument, we find that the defendant is entitled to summary judgment dismissing the first cause of action. On oral argument, it was conceded that the proposed consent order, which was submitted on the prior appeal and a prior reargument motion, had never been exe-

cuted. In addition, for the first time, the court was informed that a consent order had been actually executed by the defendant and the DEC, which order did not include the challenged declaration nor did it require any filing of the order or any similar document in the real property records of the Rockland County Clerk's Office. Further, a review of the executed consent order indicates that it does not bind either the plaintiff or its successors in title nor does it constitute any encumbrance on the property. Thompson, J. P., Sullivan, Harwood and Lawrence, JJ., concur.