■ LICENSING DEVELOPMENT GROUP, INC., Appellant, v MARK FREEDMAN et al., Respondents.—In an action to recover damages for breach of corporate fiduciary duties, the plaintiff appeals (1) from an order of the Supreme Court, Nassau County (Morrison, J.), entered July 13, 1990, which denied its motion to appoint a temporary receiver, and granted the cross motion of the defendants Mark Freedman and Surge Licensing, Inc., to dismiss the complaint for failure to state a cause of action, and (2) from an order of the same court, dated October 2, 1990, which denied its motion for leave to serve an amended complaint.

Ordered that the orders are affirmed, with one bill of costs.

In January 1986 the defendant Mark Freedman and his wife formed a corporation, Surge Licensing, Inc. (hereinafter Surge). In September 1986 Surge entered into an agreement with the defendants Peter Laird and Kevin Eastman, co-creators of the intellectual property known as the "Teenage Mutant Ninja Turtles". Under the contract, Surge became the exclusive worldwide representative and agent for the purpose of procuring commercial endorsements and merchandising licenses for the Ninja Turtles property. In March 1987 Freedman, along with two other individuals, formed the plaintiff corporation to engage in the licensing and marketing of intellectual properties. Freedman, having had the most experience in the licensing field, was designated president and chief operating officer of the new corporation. During his association with the plaintiff corporation, Freedman remained active with his company, Surge, in working to develop the licensing rights to the Ninja Turtles property.

In May 1990 the plaintiff corporation commenced this action to recover compensatory and punitive damages for breach of corporate fiduciary duties. In its verified complaint, the plaintiff alleged, *inter alia,* that Freedman breached his fiduciary duties when he (1) failed to disclose his prior acquisition of licensing rights in the Ninja Turtles property, (2) failed to acquire or exercise such rights for the benefit of the plaintiff, or otherwise make them available to the plaintiff, and (3) used the plaintiff's office facilities, including personnel and telephone, to pursue his Ninja Turtle-related interests. The plaintiff moved for the appointment of a temporary receiver.

Prior to serving an answer, the defendants Freedman and Surge cross-moved to dismiss the complaint on the grounds, *inter alia,* that it failed to state a cause of action (CPLR 3211 [a] [7]). The Supreme Court, Nassau County granted the cross motion and dismissed the complaint insofar as asserted against Freedman and Surge. Thereafter, the plaintiff moved for leave to serve an amended complaint. The court denied the motion, and these appeals ensued.

Deeming all the allegations in the complaint to be true and affording the plaintiff the benefit of all favorable inferences and implications that may be drawn from the complaint *(see, Underpinning & Found. Constructors v Chase Manhattan Bank,* 46 NY2d 459, 462; *Greenview Trading Co. v Hershman & Leicher,* 108 AD2d 468), and having considered the affidavits and other extrinsic evidence submitted herein *(see,* Siegel, NY Prac § 265), we hold that the Supreme Court properly dismissed the plaintiff's complaint for failure to state a cause of action (CPLR 3211 [a] [7]). Since a corporate fiduciary is permitted to engage in other business ventures absent his corporate colleagues' consent, and does not breach a fiduciary duty by virtue of such outside involvement *(see,* Brudney & Clark, *A New Look at Corporate Opportunities,* 94 Harv L Rev 997, 1004 [1981]), Freedman was not, by reason of his association with the plaintiff, compelled to disclose his interests in the Ninja Turtles venture. Furthermore, Freedman did not usurp a corporate opportunity when he acquired contractual rights to procure licensees for the Ninja Turtles property in 1986, since the corporate plaintiff did not exist until 1987 *(see generally, Alexander & Alexander v Fritzen,* 147 AD2d 241). While it is true that Freedman was free to appoint others to help him exploit the Ninja Turtles property, he was in no way compelled to appoint the plaintiff merely by reason of the plaintiff's similar interests in licensing intellectual properties. Indeed, implicit in Freedman's contractual right to appoint

others was the right to *exclude* independent third parties from acquiring or participating in the Ninja Turtles project. Since Freedman acquired his right to appoint others upon the execution of the licensing agreement in 1986, the corporate opportunity doctrine had no application to Freedman's continuing efforts on behalf of the Ninja Turtles property.

The plaintiff failed to comply with CPLR 3211 (e), which requires a party who opposes a motion to dismiss for insufficiency to make a request, in his opposing papers, for leave to replead in the event the motion is granted. We hold, therefore, that the Supreme Court properly denied the plaintiff leave to serve an amended complaint *(see, Bardere v Zafir,* 63 NY2d 850, 852; *Abelman v Shoratlantic Dev. Co.,* 153 AD2d 821, 822).

We have considered the plaintiff's remaining contentions and find them to be without merit. Sullivan, J. P., Lawrence, Ritter and Santucci, JJ., concur.