■ 145 KISCO AVE. CORP. et al., Respondents, v DUFNER ENTERPRISES, INC., Appellant, et al., Defendants. (And Third-Party Actions.) [604 NYS2d 963] —In an action, inter alia, for indemnification for past costs and a judgment declaring the proportionate liability of the defendants for the past and future costs of cleaning up a petroleum discharge pursuant to Navigation Law article 12, the defendant Dufner Enterprises, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Coppola, J.), entered August 14, 1991, as denied its motion to dismiss the complaint insofar as it is asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

It is well settled that when a motion to dismiss for failure to state a cause of action attacks the pleading on its face, the allegations of the pleading are deemed to be true, and the pleader is entitled to every favorable inference that might be drawn therefrom (see, Rovello v Orofino Realty Co., 40 NY2d 633; Toma v Charbonneau, 186 AD2d 846; Licensing Dev.

*Group v Freedman,* 184 AD2d 682; *Mark Hampton, Inc. v Bergreen,* 173 AD2d 220; Siegel, NY Prac § 265, at 394-395 [2d ed]). In the instant matter, the complaint alleges, *inter alia,* that the appellant owned petroleum that leaked from the premises it leased from the plaintiff 145 Kisco Ave. Corp., contaminating local waterways. Navigation Law article 12 must be liberally construed *(see,* Navigation Law § 195). Applying the requisite liberal construction, we find that the complaint is sufficient to state a cause of action pursuant to Navigation Law § 181 (1), which provides that any person who has discharged petroleum shall be strictly liable, without regard to fault, for all cleanup and removal costs and all direct and indirect damages, no matter by whom sustained *(see,* Navigation Law § 172 [8]).

The plaintiffs seek to recover from the defendants the past and future costs of cleaning up the petroleum spill. Their demand for reimbursement for funds previously expended to pay for the cleanup of the petroleum spill constitutes relief in the nature of indemnification, governed by a six-year Statute of Limitations *(see, State of New York v Stewart's Ice Cream Co.,* 64 NY2d 83). The plaintiffs' cause of action for a declaratory judgment is also governed by a six-year Statute of Limitations. Since there is no specified Statute of Limitations applicable to declaratory judgment actions, it is necessary to examine the nature of the underlying relief sought, and to apply the period of limitations applicable to that cause of action. If the underlying cause of action does not fall within any specific limitations period, the six-year "catch all" provision of CPLR 213 (1) applies *(see, Solnick v Whalen,* 49 NY2d 224). In this case, the underlying cause of action sounds in indemnification for past and future cleanup costs to be charged by the State against the plaintiffs. Thus, the demand for a declaratory judgment is governed by a six-year Statute of Limitations *(see also,* 43 NY Jur 2d, Declaratory Judgments, § 38). Accordingly, the causes of action asserted in the complaint are not time-barred.

We have reviewed the appellant's remaining contentions and find them to be without merit. Bracken, J. P., Balletta, Miller and Pizzuto, JJ., concur.