■ 750 OLD COUNTRY ROAD REALTY CORP., Respondent, v EXXON CORPORATION, Appellant. [645 NYS2d 186] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly denied that part of defendant's motion for summary judgment dismissing as untimely the first cause of action, which alleges a violation of Navigation Law § 181. That statute imposes strict liability for the improper discharge of petroleum. Liberally construed, the complaint states a cause of action for indemnification to the extent that it seeks recoupment of cleanup costs expended by plaintiff (see, 145 Kisco Ave. Corp. v Dufner Enters., 198 AD2d 482). Thus, the first cause of action was timely commenced within the six-year Statute of Limitations set forth in CPLR 213 (2) (see, State of New York v Stewart's Ice Cream Co., 64 NY2d 83).

The court erred, however, in denying that part of defendant's motion dismissing the second cause of action for common-law strict liability. Contrary to plaintiff's contention, the storage of gasoline does not constitute an ultrahazardous activity for which strict liability for contamination will attach (see, Snyder v Jessie, 164 AD2d 405, 412, lv dismissed 77 NY2d 940; see also, DeFoe Corp. v Semi-Alloys, Inc., 156 AD2d 634). In any event, because the action was not commenced within three years of the contamination or plaintiff's discovery thereof, any claims arising from an alleged injury to property are time-barred (see, Rose v Grumman Aerospace Corp., 196 AD2d 861, 862; P.B.N. Assocs. v Xerox Corp., 141 AD2d 807, 808, rearg granted after remand 176 AD2d 861).

We therefore modify the order by granting in part defendant's motion and dismissing the second cause of action, and otherwise affirm. (Appeal from Order of Supreme Court, Nassau County, Yachnin, J.—Summary Judgment.) Present—Pine, J. P., Fallon, Callahan, Balio and Boehm, JJ.