■ Barclays Bank of New York, N. A., Respondent, v Tank Specialists, Inc., et al., Defendants, and Larry E. Tyree Co., Inc., Appellant. (And Other Titles.) [654 NYS2d 673] —In an action, inter alia, to recover damages for breach of contract and

negligence, and for indemnification for costs incurred in cleaning up a petroleum discharge pursuant to Navigation Law article 12, the defendant Larry E. Tyree Co., Inc., appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Franco, J.), entered May 10, 1996, as denied those branches of its motion which were to dismiss the twelfth and eighteenth causes of action asserted in the amended complaint which sought damages and indemnification pursuant to the Navigation Law.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied those branches of the defendant's motion which were to dismiss the causes of action seeking damages and indemnification because of alleged violations of Navigation Law § 181. That statute, liberally construed (*see, 145 Kisco Ave. Corp. v Dufner Enters.,* 198 AD2d 482), imposes strict liability for the improper discharge of petroleum. The complaint states causes of action for indemnification to the extent that the plaintiff seeks recoupment of cleanup costs expended by it (*see, 145 Kisco Ave. Corp. v Dufner Enters., supra; 750 Old Country Rd. Realty Corp. v Exxon Corp.,* 229 AD2d 1034), and other related damages. These causes of action were timely interposed within the six-year Statute of Limitations set forth in CPLR 213 (2) (*see, State of New York v Stewart's Ice Cream Co.,* 64 NY2d 83).

The defendant may also face liability as a "discharger" under the statute, as its failure to install a tank liner at the time the tank was constructed may have contributed to the discharge (*see, Domermuth Petroleum Equip. & Maintenance Corp. v Herzog & Hopkins,* 111 AD2d 957; *Mendler v Federal Ins. Co.,* 159 Misc 2d 1099). Bracken, J. P., Santucci, Krausman and McGinity, JJ., concur.