■ Huntington Hospital, Respondent, v Anron Heating and Air Conditioning, Inc., et al., Respondents, and E. W. Howell Co., Inc., Appellant. [673 NYS2d 456] —In an action to recover damages arising from an underground oil spill, the defendant E. W. Howell Co., Inc., appeals from so much of an order of the Supreme Court, Suffolk County (Cannavo, J.), dated May 22, 1997, as denied those branches of its motion which were to dismiss the first cause of action and the cross claims against it brought pursuant to Navigation Law article 12.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

In 1982 the plaintiff contracted with the appellant for construction management services in connection with the expansion of its facilities. Part of this project included the installation of two underground oil tanks (hereinafter USTs). The USTs were manufactured by the defendant Xerxes Corporation and installed by the defendant Anron Heating and Air Conditioning, Inc. In 1994 the plaintiff discovered that one UST was cracked and the other one had collapsed. This resulted in a significant discharge of oil into the surrounding ground area.

The first cause of action in the complaint was asserted pursuant to Navigation Law article 12, specifically section 181 (1), otherwise known as the "Oil Spill Act". The appellant moved to dismiss the complaint as well as the Navigation Law-related cross claims, arguing, *inter alia,* that the plaintiff failed to state a cause of action against it pursuant to this statute.

Navigation Law § 181 (1) imposes absolute liability upon anyone "who has discharged petroleum", and section 172 (8) defines discharge as "any intentional or unintentional action or omission resulting in the releasing [or] leaking * * * of petroleum". In its complaint the plaintiff alleges that the appellant "as general contractor, was responsible for * * * oversight and management of the construction project, including the design, specification, selection, acquisition and installation of the UST system". It is well settled that upon a motion pursuant to CPLR 3211 (a) (7) to dismiss, the plaintiff is to be accorded "the benefit of all favorable inferences which may be drawn from [the] pleading" (*Campaign for Fiscal Equity v State of New York,* 86 NY2d 307, 318). Bearing this in mind, as well as the fact that Navigation Law article 12 must be liberally construed (*see,* Navigation Law § 195), we find that the appellant's status as general contractor, responsible for overall supervision of the installation of the USTs, may subject it to liability as a "discharger" under the statute (*see, Barclay's Bank v Tank Specialists,* 236 AD2d 570; *see also, White v Long,* 85 NY2d 564; *145 Kisco Ave. Corp. v Dufner Enters.,* 198 AD2d 482). Accordingly, the court properly denied that branch of the appellant's motion which was to dismiss the complaint insofar as it asserted a cause of action against it under Navigation Law § 181 (1). Similarly, the court properly declined to dismiss the cross claims interposed by the codefendants pursuant to this statute.

The appellant's remaining contentions are without merit. Rosenblatt, J. P., Miller, Thompson and Santucci, JJ., concur.