(March 23, 1999)

■ Movado Group, Inc., Appellant, v Andrew Presberg, Respondent. [687 NYS2d 116] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered March 6, 1998, which denied plaintiff's motion for summary judgment on defendant's personal guaranty, unanimously reversed, on the law, without costs, and the motion granted for judgment in the amount of $31,722.96, plus interest. The Clerk is directed to enter judgment accordingly.

An extension of credit is ample consideration for the execution of a guaranty (*Sun Oil Co. v Heller,* 248 NY 28; *First Am. Bank v Builders Funding Corp.,* 200 AD2d 946, 948). Defendant's promise to pay all of his company's debts to plaintiff on an "absolute, unconditional and continuing" basis, in consideration for extension of credit, was a broad commitment, certainly not limited to one opening transaction, as defendant would read it. Such a written expression of past consideration satisfies General Obligations Law § 5-1105 (*see, Bellevue Bldrs. Supply v Audubon Quality Homes,* 213 AD2d 824, 825-826; *American Bank & Trust Co. v Lichtenstein,* 48 AD2d 790, *affd* 39 NY2d 857).

The reference in the agreement to the terms of payment on the "opening order" is separate from, and therefore extraneous to, the guaranty provision. Parol evidence is inadmissible as an aid in construing a guaranty as clear and unambiguous as this one (*see, McShane Co. v Padian,* 142 NY 207). Since no material issues of fact exist concerning the scope and extent of defendant's personal guaranty, plaintiff should have been granted summary judgment. Concur—Ellerin, P. J., Wallach, Mazzarelli and Andrias, JJ.