■ NANCY POLLAK, Plaintiff, v LINCOLN CENTER FOR THE PERFORMING ARTS et al., Respondents, et al., Defendant. BIG APPLE CIRCUS, INC., Third-Party Plaintiff-Respondent, v BLOOMBERG, L.P., et al., Third-Party Defendants-Appellants, et al., Third-Party Defendant. [715 NYS2d 9] —Order, Supreme Court, New York County (Paula Omansky, J.), entered on or about November 3, 1999, which denied the motion of third-party defendants Bloomberg, L.P. and Bloomberg, Inc. for summary judgment dismissing the third-party complaint as against them, unanimously affirmed, without costs.

Bloomberg entered into a contract with The Big Apple Circus for a circus performance at Lincoln Center in conjunction with a Christmas party hosted by Bloomberg for its employees and other guests. Bloomberg contracted with third-party defendant Linda Kaye to supervise the party arrangements, and retained defendant Restaurant Associates, Inc. to provide catering services. Plaintiff Pollak was one of the waitresses employed by Restaurant Associates. During the course of her work, she slipped on a "slimy" substance that was believed to have leaked from garbage bags dragged over the floor.

In the third-party action, Bloomberg seeks to avoid liability to Big Apple by claiming that Restaurant Associates was not an outside vendor, as defined in the contract between Bloomberg and Big Apple, but rather an in-house vendor for which Big Apple bore responsibility, and by claiming that Bloomberg's contractual indemnity obligations were triggered only by its own negligent actions in conjunction with the serv-

ing of alcohol. However, the contractual language, at a minimum, presents factual issues precluding acceptance of Bloomberg's strained interpretation, both as to what constitutes an outside vendor, and as to whether the circumstances giving rise to the contractual indemnification obligation are to be understood as sufficing singly or only together. Given the contractual ambiguity, the receipt of parol evidence to elucidate the disputed portions of the parties' agreement would be appropriate (*cf.*, *Movado Group v Presberg*, 259 AD2d 371, *lv dismissed* 94 NY2d 794).

Furthermore, notwithstanding Bloomberg's attempt to distance itself from responsibility for the accident, it is clearly alleged that plaintiff complained to an employee of Restaurant Associates about the condition of the floor, and under its contract with Big Apple, Bloomberg accepted responsibility for the cleanup. However, as the IAS Court noted in denying the motion for summary judgment, if it is found that employees of Big Apple created the dangerous condition, Big Apple would not be entitled to indemnity from Bloomberg.

Dismissal of the common-law claims for indemnity would also be premature, since there are indications that Bloomberg distributed a staff information sheet for the party, which included instructions on what to do in the event of spills. While Bloomberg suggests that there is no evidence that it ever distributed the sheet, it does not deny having done so, and it is clear that plaintiff possessed the sheet. Thus, it cannot be said as a matter of law that Bloomberg did not exercise any control over Restaurant Associates. Concur—Tom, J. P., Mazzarelli, Ellerin, Lerner and Andrias, JJ.