STEUBEN CONTRACTING, INC., on Behalf of Itself and Through Its Wholly Owned Division, RHINEHART SAND & GRAVEL, et al., Appellants-Respondents, v GRIFFITH OIL CO., INC., et al., Appellants-Respondents, and CHEVRON USA, INC., Respondent. [726 NYS2d 308] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in granting the motion of defendant Chevron USA, Inc. (Chevron) for summary judgment dismissing the fourth amended complaint and cross claims against it. Chevron failed to meet its burden of establishing as a matter of law that the failure of Gulf Oil Corp., Chevron's predecessor, to provide corrosion protection when it installed the spur pipeline was not a contributing cause of the petroleum leak that damaged plaintiffs' property (*see, Huntington Hosp. v Anron Heating & Air Conditioning,* 250 AD2d 814; *Barclays Bank v Tank Specialists,* 236 AD2d 570, 571).

The court further erred in denying that part of the cross motion of plaintiffs seeking partial summary judgment on the issue of liability against defendants Griffith Oil Co., Inc., Big Flats Realty, Inc. and W.W. Griffith Oil Co., Inc. (Griffith). Plaintiffs established as a matter of law that Griffith, the owner of the terminal facility served by the spur pipeline, is a discharger within the meaning of the Navigation Law (*see, Malin v Wolf Petroleum Corp.,* 272 AD2d 527, 527-528).

The court properly denied the motion of defendants Sun Pipe Line Company, Atlantic Pipeline Corp., Atlantic Refining & Marketing Corp., Sun Refining and Marketing Company, and Sun Company, Inc. for summary judgment on their cross claims against Griffith for contractual indemnification. Indemnification agreements are to be strictly construed against the drafter (*see, Sievert v Morlef Holding Co.,* 241 AD2d 445) and, where the language is ambiguous, parol evidence may be received to elucidate the intention of the parties (*see, Pollak v Lincoln Ctr.*

*for Performing Arts,* 276 AD2d 403, 404). We agree with the court that the 1983 Terminal Agreement and the 1995 Right of Access and Indemnity Agreement are ambiguous, presenting an issue of fact whether indemnification in the situation presented here was contemplated by the parties.

We modify the order, therefore, by denying the motion of Chevron and reinstating the fourth amended complaint and cross claims against it and by granting that part of plaintiffs' cross motion seeking partial summary judgment on the issue of liability against Griffith. (Appeals from Order of Supreme Court, Steuben County, Bradstreet, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Green, Hurlbutt and Lawton, JJ.