■ BLUE JEANS U.S.A. INC., Appellant, v RICHARD BASCIANO, Doing Business as 303 WEST 42ND STREET REALTY, Respondent. [729 NYS2d 703] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered on or about March 15, 2000, which, following a finding that defendant landlord had properly invoked a rate increase provision in plaintiff's lease, granted defendant's cross motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, defendant's cross motion denied, the complaint reinstated,

plaintiff's motion for a *Yellowstone* injunction granted, and the matter remanded for further proceedings. Appeal from order, same court and Justice, entered on or about December 1, 2000, which, *inter alia*, denied as untimely plaintiff's motion to renew, upon deeming it to seek reargument only, unanimously dismissed, without costs, as academic in view of the foregoing.

Plaintiff leased a ground floor retail space at 673-675 Eighth Avenue, between 42nd and 43rd Streets on the west side of the avenue, from defendant landlord in April of 1997. A rider to the lease included the following rent increase clauses:

"40. (A) Increase in Base Rent. Tenant specifically understands that the *entire blockfront* situated on the opposite (easterly) side of Eighth Avenue between 42nd and 43rd Streets is scheduled to be redeveloped in the near future. Should *said site* be developed and reasonably completed (i.e., open to the public in any fashion) during the term hereof, the annual base rental charge will increase to a rate not to exceed $375,000.00 per annum on the first month following reasonable completion/opening to the public.

"It is understood that the term 'redevelopment' herein shall mean more than a storefront renovation of the existing blockfront situated on the easterly side of Eighth Avenue between 42nd and 43rd Streets." (Emphasis added.)

Defendant landlord invoked the rent increase as of December 1, 1999. Plaintiff commenced this declaratory judgment action, moving by order to show cause for a temporary restraining order enjoining the landlord from terminating the lease and staying the cure period pursuant to *First Natl. Stores v Yellowstone Shopping Ctr.* (21 NY2d 630). Defendant landlord then cross-moved for summary judgment, asserting that the opening of four businesses, Chevy's Restaurant, The Museum Store, Broadway Arcade, and Loew's Multiplex Theater, entitled it to the rent increase as a matter of law. The IAS court granted landlord's summary judgment motion, holding that the terms of the rent increase provision were clear and unambiguous, and that the requirement that the "blockfront situated on the opposite (easterly) side of Eighth Avenue between 42nd and 43rd Streets * * * be developed and reasonably completed" was met by the opening of "a movie theater, restaurant and arcade, all with an entrance on 42nd Street and an outer wall on Eighth Avenue running from 42nd Street halfway up the block to 43rd Street."

The question before this Court is whether the undisputed circumstances satisfied, as a matter of law, the rent increase provision of the lease. We hold that although the circumstances

are clear and unambiguous, the same cannot be said for the parties' intent in the lease's reference to redevelopment of "the entire blockfront situated on the opposite (easterly) side of Eighth Avenue between 42nd and 43rd Streets."

Plaintiff asserts, without challenge by defendant, that although Chevy's Restaurant is located at the corner of Eighth Avenue and 42nd Street, its entrance is on 42nd Street, and the part of the property that faces Eighth Avenue consists of a wall running midway up the block to 43rd Street. As to the other three businesses relied upon by defendant landlord, they are in different buildings along 42nd Street east of Eighth Avenue; none of them is located on Eighth Avenue itself. Furthermore, plaintiff explains that when they entered into the lease, both parties contemplated a specific planned redevelopment consisting of a shopping/hotel complex on the site.

Although parol evidence such as that offered by plaintiff regarding the parties' intent is inadmissible to explain the intended meaning of a contract whose terms are unambiguous (*see, W.W.W. Assocs. v Giancontieri*, 77 NY2d 157, 163), when a contract term is ambiguous, parol evidence may be considered "to elucidate the disputed portions of the parties' agreement" (*see, Pollak v Lincoln Ctr. for Performing Arts*, 276 AD2d 403, 404). Contrary to the motion court, we view the rent increase provision of the parties' lease as ambiguous, both as to the extent of development necessary to constitute the contemplated "redevelopment," and as to the intended location and placement of the building contemplated by the words "entire blockfront," that is, whether it was intended that the structure take up the whole block and face out onto Eighth Avenue.

Specifically, the provision's reference to a contemplated redevelopment of "the *entire blockfront* situated on the opposite (easterly) side of Eighth Avenue between 42nd and 43rd Streets" (emphasis added) need not be understood as defendants suggest, and as the motion court accepted, to refer to any commercial development open to the public situated on the block. Indeed, it is at least as reasonable to interpret the provision as contemplating a development *facing* Eighth Avenue and encompassing the *full block* of Eighth Avenue between 42nd Street and 43rd Streets, so that only the "reasonable completion" of an intended redevelopment of that whole block would entitle the landlord to the rent increase. In such event, defendants' reliance on the words "open to the public in any fashion" would be unavailing, because a partial redevelopment of a portion of the block, even once open to the public, would not suffice.

These conflicting credible interpretations of the lease's rent increase provision create a triable issue of fact.

In view of this ambiguity, it is proper for the court to consider the parol evidence to determine what the parties meant by "the *entire blockfront* situated on the opposite (easterly) side of Eighth Avenue between 42nd and 43rd Streets." (Emphasis added.) The parol evidence offered by plaintiff tends to support plaintiff's position that the provision at issue was drafted with an eye to the proposed construction of a block-length hotel, facing Eighth Avenue, that would include construction of multiple commercial spaces. We further recognize that the inclusion in section 40 (A) of a definition of "redevelopment" as something "more than a storefront renovation of the existing blockfront" also lends support to plaintiff's position, since such a substantial (nearly 32%) rent increase, from $23,750 to $31,250 per month, would only be warranted when a significant change in the character of the block was assured.

We therefore conclude that summary judgment should not have been granted to defendant and that plaintiff was entitled to a *Yellowstone* injunction. The case therefore must be remanded for further proceedings. Concur—Williams, J. P., Lerner, Rubin, Saxe and Buckley, JJ.