OPINION OF THE COURT
Per Curiam.
Judgment entered on or about December 4, 2002 reversed, without costs, and new trial ordered. Appeal from decision dated December 4, 2002 dismissed, without costs, as nonappealable (see Schicchi v Green Constr. Corp., 100 AD2d 509 [1984]).
This nonpayment summary proceeding, arising from the subtenants’ occupancy of a luxury duplex apartment located on West 17th Street in Manhattan, seeks to recover $36,400 in rent arrears, a figure calculated on the basis of the monthly rent ($8,000) reserved in the parties’ written sublease agreement whose terms expired on November 30, 2001. In their answer the subtenants interposed several affirmative defenses, including one based upon allegations that the monthly rent for the relevant time period (Dec. 2001-Sept. 2002) was reduced by petitioner prime tenant to $7,000 pursuant to a written letter agreement.
At trial, after subtenants stipulated to the sufficiency of the petitioner’s prima facie case, the parties focused principally on warranty of habitability issues, with subtenants ultimately receiving a rent abatement of over $12,000. The document which forms the basis of the subtenants’ pleaded rent reduction defense — the petitioner’s facsimile letter of January 19, 2002* —as admitted into evidence “on consent,” but was not the subject of any recorded colloquy or discussion. After trial, the court awarded petitioner the $36,400 in (preabatement) rent prayed for in the petition — a figure which, as indicated, was computed on the basis of the $8,000 monthly rent specified in the parties’ initial sublease agreement — while at the same time *77 stating in its written decision that the monthly rent had effectively been “changed” to $7,000 by virtue of the petitioner’s January 19, 2002 correspondence.
The limited trial record now before us does not permit intelligent appellate review of the seemingly inconsistent findings made by the trial court in connection with the rent issues presented in the litigation. Most prominent among the issues that remain unresolved on this record is the proper interpretation of the petitioner’s ambiguously drawn letter of January 19, 2002, a document which, though the centerpiece of the parties’ appellate briefs, was virtually ignored during the trial proceedings. Since we view the desultory language of the letter as ambiguous, parol evidence is required to determine its purpose and intent (see Blue Jeans U.S.A. v Basciano, 286 AD2d 274, 276 [2001]). While it may be that the unsatisfactory state of the record is attributable in part to the subtenants’ lackluster pursuit of their rent reduction defense, the fact remains that the correspondence relied upon by subtenants in support of that defense was put into evidence “on consent” and was apparently found by the court — albeit on an insufficient record — to constitute a binding rent reduction agreement. In this posture, fairness dictates that the matter be tried anew.
Suarez, EJ., McCooe and Davis, JJ., concur.

 The correspondence, addressed solely to respondent Lowe, began by indicating petitioner’s “acceptance]” of the subtenants’ “offer” of a lease extension through July 2002 at a monthly rent of $7,000, went on to indicate petitioner’s “understanding]” that the subtenants “intend[ed] to look for” another Manhattan apartment “this spring,” invited subtenants to “make an offer” for the subject apartment if they had “an interest” in continuing their occupancy, briefly mentioned that petitioner had “a problem” with “the issue of the back rent,” and closed by soliciting Lowe’s response “on all of the aboves [sic]” so that petitioner could “prepare an agreement, and know that all of these are resolved.”