OPINION OF THE COURT
John P. Lane, J.
Defendant Samuel, Son & Co., Inc. moves pursuant to CPLR 3211 (a) (7) for dismissal of plaintiffs’ amended complaint and cross claims against it. Plaintiffs Susan C. Rindfleisch and Warren Rindfleisch, who married in 1988, allege in their amended complaint that she suffers from mesothelioma as a result of laundering her husband’s work clothes from 1984 through 1990, unaware that they were laden with asbestos dust and fibers.* In 1989, while Warren Rindfleisch was employed in defendant Samuel’s warehouse as a crane operator, his crane came in contact with insulation containing asbestos covering a steam pipe in Samuel’s building, causing asbestos to be released into the air and onto his clothing.
Plaintiffs allege generally that all defendants knew or should have known of the foreseeable risk of injury to Mrs. Rindfleisch resulting from her exposure to her husband’s work clothes. During the period of time that Warren Rindfleisch was employed at its warehouse, Samuel did not provide its employees with any protective work clothing, changing rooms or shower facilities. Samuel also did not launder its employees’ work clothes or train them about avoiding exposure to asbestos. Warren Rindfleisch brought his work clothes home and, in the process of washing them, Susan Rindfleisch shook out the asbestos fibers, causing *938 her to inhale them, which contributed to the development of mesothelioma.
Citing the Court of Appeals decision in Matter of New York City Asbestos Litig. (5 NY3d 486 [2005]), defendant Samuel contends that it did not breach any duty of care owed to Susan Rindfleisch and, therefore, its motion must be granted. In response, plaintiffs assert that their situation can be distinguished from that of the Matter of New York City Asbestos Litig. plaintiff in that Susan Rindfleisch’s exposure to asbestos occurred after the adoption of regulations by the Occupational Safety and Health Administration (OSHA) in 1986. Pointing to 29 CFR 1910.1001 (h) and 1926.1101 (c) and (i) (2), plaintiffs argue that Samuel failed to supply its employees with protective work clothing, changing rooms, or shower and laundry facilities and to inform Warren Rindfleisch that his soiled work clothing could contain asbestos. Thus, plaintiffs say that the duty analysis employed by the Court of Appeals in Matter of New York City Asbestos Litig. does not apply to them.
The fundamental criterion in any action based upon common-law negligence is the existence of a duty of care owed to plaintiff by the alleged tortfeasor (see Gilson v Metropolitan Opera, 5 NY3d 574, 576 [2005]; Sanchez v State of New York, 99 NY2d 247, 252 [2002]; Hamilton v Beretta U.S.A. Corp., 96 NY2d 222, 232 [2001]; D’Amico v Christie, 71 NY2d 76, 87 [1987]; Eiseman v State of New York, 70 NY2d 175, 187 [1987]). In the absence of a legal duty, no liability can be imposed (see Pulka v Edelman, 40 NY2d 781, 782 [1976], rearg denied 41 NY2d 901 [1977]; Ellis v Peter, 211 AD2d 353, 355 [1995], appeal dismissed 86 NY2d 885 [1995]).
Whether a duty is owed to a plaintiff is a question of law for the court’s consideration (see Sanchez at 252; Eiseman at 189), while issues of foreseeability and causation are questions of fact.
“Courts traditionally ‘fix the duty point by balancing factors, including the reasonable expectations of parties and society generally, the proliferation of claims, the likelihood of unlimited or insurer-like liability, disproportionate risk and reparation allocation, and public policies affecting the expansion or limitation of new channels of liability’ ” (Hamilton at 232, quoting Palka v Servicemaster Mgt. Servs. Corp., 83 NY2d 579, 586 [1994]). “Foreseeability should not be confused with duty” (Pulka at 785) and foreseeability of harm “does not determine the existence of duty” (Eiseman at 187). Duty in negligence *939 cases is not defined by foreseeability of injury (Strauss v Belle Realty Co., 65 NY2d 399, 402 [1985]). Rather, foreseeability determines merely “the scope of the duty once it is determined to exist” (see Matter of New York City Asbestos Litig. at 493; Hamilton at 232).
The Court of Appeals in Matter of New York City Asbestos Litig. (5 NY3d at 494) reiterated its reasoning in Hamilton that a duty to protect a plaintiff arises where there is a relationship either between defendant and plaintiff or between defendant and a third party when defendant is able to control that third person’s actions. The Court emphasized that the existence of a relationship is “[t]he ‘key’ consideration” in employing its duty analysis (id.). It held that plaintiff Elizabeth Holdampf, who allegedly had contracted malignant mesothelioma as a result of exposure to her husband’s asbestos-laden work clothes, lacked a relationship with defendant Port Authority of New York and New Jersey either as an employer of her husband or the owner of the land where his exposure occurred. Thus, it owed no duty of care to her (id. at 495-497).
Plaintiffs contend that Samuel’s failure to provide work clothes and other protective measures to Warren Rindfleisch, in violation of OSHA’s regulations, should alter the duty analysis in New York so that this court can find that Samuel owed a duty of care to Susan Rindfleisch. Although plaintiffs present a strong argument that OSHA’s purpose is to prevent the spread of household and second-hand exposure of asbestos to third parties, their legal basis for finding a duty is not persuasive. The enabling legislation for OSHA provides:
“Nothing in this chapter shall be construed to . . . enlarge or diminish or affect in any other manner the common law or statutory rights, duties, or liabilities of employers and employees under any law with respect to injuries, diseases, or death of employees arising out of, or in the course of, employment.” (29 USC § 653 [b] [4]).
Congress passed the Occupational Safety and Health Act in 1970 to ensure safe and healthful working conditions and to reduce the alarming number of personal injuries and illnesses arising out of hazardous working conditions (see Donovan v Occupational Safety & Health Review Commn., 713 F2d 918, 926 [2d Cir 1983]). To accomplish this goal, the act created two new administrative remedies to abate unsafe working conditions and impose civil penalties on any employer maintaining such condi *940 tions (id.). It has been stated repeatedly by federal courts that employees do not have a private right of action for violations of OSHA requirements (see, e.g., id. [employees do not have a private right of action under the Occupational Safety and Health Act]; Jeter v St. Regis Paper Co., 507 F2d 973 [5th Cir 1975] [Congress did not intend the Occupational Safety and Health Act to create a new private cause of action, but, on the contrary, intended private rights to be unaffected thereby]; Russell v Bartley, 494 F2d 334 [6th Cir 1974]). “The OSHA regulations consistently have been construed as not according a private right of action” (Gain v Eastern Reinforcing Serv., 193 AD2d 255, 258 [1993], citing Jeter). Our Fourth Department has stated that “[e]xcept in circumstances not relevant here, OSHA regulates only the relationship between employers and employees” (Pellescki v City of Rochester, 198 AD2d 762, 763 [1993] [citations omitted], lv denied 83 NY2d 752 [1994]). It is not surprising, therefore, that plaintiffs have pointed to no federal or state precedent supporting their argument that the Occupational Safety and Health Act and its regulations form the basis of a claim against Samuel by Susan Rindfleisch, who is not a member of the Occupational Safety and Health Act’s protected class (see Jeter at 977).
Unlike some statutory schemes (see e.g. Labor Law §§241, 241-a; General Obligations Law §§ 11-100, 11-101), there is no statutory foundation in New York for a private right of action for employees who seek redress for alleged violations of the Occupational Safety and Health Act. Similarly, there is no private right of action under the federal Comprehensive Environmental Response, Compensation and Liability Act of 1980 (CERCLA) (42 USC § 9601) (see Ruffing v Union Carbide Corp., 1 AD3d 339, 341 [2003], appeal dismissed and lv dismissed 2 NY3d 820 [2004]). In Ruffing, plaintiffs’ request for leave to amend the complaint to allege a cause of action under CERCLA was denied where a worker’s wife and in útero child were exposed to hazardous substances carried to the household from the employee’s workplace.
The violation of a regulation is clearly distinct from the violation of a substantive provision of a statute (see Allen v Cloutier Constr. Corp., 44 NY2d 290, 298 [1978], rearg denied 45 NY2d 776 [1978]). In general, violation of “a duty imposed by a regulation ... is merely some evidence of negligence” (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 502 n 4 [1993]; see also Long v Forest-Fehlhaber, 55 NY2d 154, 159 [1982], rearg denied *941 56 NY2d 805 [1982]; Allen at 298). This rule applies to an Occupational Safety and Health Act violation (see Cruz v Long Is. R.R. Co., 22 AD3d 451 [2005], lv denied 6 NY3d 703 [2006]). In the absence of a juridical relationship between Samuel and Susan Rindfleisch, a violation of OSHA regulations, assuming without deciding that they even apply to this defendant, does not entitle her to recover from Samuel.
Plaintiffs’ contention that Susan Rindfleisch’s situation differs from that of the plaintiff in Matter of New York City Asbestos Litig. as a result of the adoption and implementation of the OSHA regulations fails (see Widera v Ettco Wire & Cable Corp., 204 AD2d 306 [1994], lv denied 85 NY2d 804 [1995]). In Widera, the Second Department held that there was no duty of care to an in útero infant who had been exposed to asbestos when her pregnant mother laundered her father’s work clothes. The Widera plaintiffs had sought recovery not only on the theory of common-law negligence but on violations of the Labor Law and the Occupational Safety and Health Act as well. Supreme Court, Queens County, dismissed the entire first cause of action, including the common-law negligence claim. On appeal to the Second Department, plaintiffs abandoned their claims pursuant to the Labor Law and the Occupational Safety and Health Act. The Court nonetheless stated “that the Supreme Court properly dismissed the plaintiffs’ entire first cause of action, including any cause of action based upon common-law negligence” (Widera at 307 [emphasis added]). Thus, contrary to plaintiffs’ contentions, the theory that violation of OSHA’s regulations can provide a basis for imposition of liability upon the employer of a plaintiffs spouse is neither a novel issue to confront our courts nor a successful one.
Although not couched as such, plaintiffs are essentially arguing foreseeability of injury, in contrast to the Matter of New York City Asbestos Litig. court’s clear mandate that a relationship between the plaintiff and the defendant should be the key consideration, not foreseeability, when performing a duty analysis. In essence, plaintiffs’ claim is that it is foreseeable that if the OSHA regulations are not followed, harmful asbestos-laden materials will be brought into the household, causing harm to third parties. However, “a duty and the corresponding liability it imposes do not rise from mere foreseeability of the harm” (Hamilton at 235-236 [no general duty of care in the marketing and distribution of handguns]; see Eiseman at 187 [any duty a physician might have to inform college officials of a student’s *942 medical history does not extend to members of the college community at large]).
The courts of New York have repeatedly refused to extend liability to proposed tortfeasors where plaintiffs have suffered grave consequences in the absence of a duty owed. “A line must be drawn between the competing policy considerations of providing a remedy to everyone who is injured and of extending exposure to tort liability almost without limit” (De Angelis v Lutheran Med. Ctr., 58 NY2d 1053, 1055 [1983]). The court must be cautious of creating an indeterminate class of potential plaintiffs (see, e.g., Hamilton at 236; Eiseman at 188) and therefore declines to find a duty of care owed Susan Rindfleisch as urged by plaintiffs here (see Matter of New York City Asbestos Litig. at 498).
Defendant also moves to dismiss plaintiffs’ claim alleging strict liability against Samuel on the theory that the manufacture, distribution, or use of asbestos-containing products constitutes an abnormally dangerous activity. However, plaintiffs allege Samuel was engaged in the sale and distribution of steel (amended complaint 1i 13), not the manufacture and distribution of products containing asbestos. The mere existence of pipe insulation containing asbestos in Samuel’s building is insufficient to establish that it was engaged in an abnormally dangerous activity for which common-law strict liability should be imposed (see generally Doundoulakis v Town of Hempstead, 42 NY2d 440 [1977]; 750 Old Country Rd. Realty Corp. v Exxon Corp., 229 AD2d 1034 [1996]; June v Laris, 205 AD2d 166 [1994] , lv dismissed in part and denied in part 85 NY2d 955 [1995] ).
I decline plaintiffs’ invitation to expand the common law to find a duty of care between defendant Samuel and Susan Rindfleisch. Defendant Samuel’s motion to dismiss the complaint and any cross claims is granted.

 Defendant Samuel was one of 18 employers for whom Warren Rindfleisch worked during that period.