■ GENERAL CASUALTY INSURANCE COMPANY, Respondent, v KERR HEATING PRODUCTS et al., Appellants, et al., Defendant.
[852 NYS2d 257]——

In an action to recover insurance payments made by the plaintiff to its insureds for the cleanup costs of an oil discharge on their property, the defendants Kerr Heating Products and Parrsboro Metal Fabricators, Ltd., appeal from so much of an order of the Supreme Court, Suffolk County (Baisley, J.), dated May 11, 2007, as denied their motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them for failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

In December 1998 James Spillane and Deborah Spillane, the plaintiff's insureds, had an oil tank installed at property which they owned in Islip. In or about June 2002 they detected an odor emanating from the tank and it was thereafter discovered that the tank was leaking and discharging oil into the soil and groundwater. The appellants Kerr Heating Products and Parrsboro Metal Fabricators, Ltd. allegedly manufactured, designed, assembled, and distributed the tank. The Spillanes incurred expenses for cleanup and removal, environmental testing, and labor. The Spillanes filed a claim under an insurance policy issued by the plaintiff, General Casualty Insurance Company. The plaintiff paid the Spillanes under the terms of the policy. The plaintiff, as subrogee of the Spillanes, commenced this action to recover insurance payments it made to the Spillanes. The appellants moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them for failure to state a cause of action. The Supreme Court denied the motion. We affirm.

The first cause of action in the complaint, which was asserted pursuant to Navigation Law § 181 (5), alleged that due to the defendants' defective manufacture, design, assembly, and/or distribution of the tank, the tank malfunctioned, caused the leak and required the Spillanes to incur significant remediation expenses. Navigation Law § 181 (1) imposes absolute liability upon "[a]ny person who has discharged petroleum," regardless of fault (*see Fuchs & Bergh, Inc. v Lance Enters., Inc.*, 22 AD3d 715 [2005]; *Huntington Hosp. v Anron Heating & A.C.*, 250 AD2d 814, 815 [1998]). A property owner who is held strictly liable for the costs of a petroleum discharge is authorized to bring a claim as an "injured person" for the cost of cleanup and removal against a prior owner or any other party who actually caused or contributed to the discharge (*White v Long*, 85 NY2d

564, 568-569 [1995]). A party pursuing a claim under Navigation Law § 181 (5) must be without fault; once it is established that a property owner caused or contributed to a spill, the property owner will be precluded from bringing a claim under Navigation Law § 181 (5) (*see Hjerpe v Globerman*, 280 AD2d 646, 647 [2001]).

On a motion to dismiss, the court must liberally construe the complaint and accept as true the facts alleged and any submissions in opposition to the dismissal motion (*see 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 151-152 [2002]). Moreover, the court must accord the plaintiff every possible inference and determine only whether the facts as alleged fit within any cognizable legal theory (*see Sokoloff v Harriman Estates Dev. Corp.*, 96 NY2d 409, 414 [2001]). If a plaintiff can succeed upon any reasonable view of the allegations, the complaint may not be dismissed (*see MacDonell v PHH Mtge. Corp.*, 45 AD3d 537 [2007]). According the plaintiff here every favorable reasonable inference and bearing in mind that the Navigation Law must be liberally construed (*see Huntington Hosp. v Anron Heating & A.C.*, 250 AD2d at 815), the complaint alleges a viable cause of action pursuant to Navigation Law § 181 (5). Moreover, the complaint also alleges a viable cause of action for common-law indemnification, as the complaint alleges that the Spillanes were faultless property owners required to pay cleanup and related costs resulting from an oil discharge on their property caused by the appellants' defectively manufactured, designed, assembled, and/or distributed tank (*see generally Glaser v Fortunoff of Westbury Corp.*, 71 NY2d 643, 646 [1988]).

The parties' remaining contentions are without merit or have been rendered academic by our determination. Rivera, J.P., Ritter, Dillon and Carni, JJ., concur.