# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**211**

**CA 12-01174**

PRESENT: SMITH, J.P., PERADOTTO, CARNI, VALENTINO, AND MARTOCHE, JJ.
_____

DAVID BABIACK, PLAINTIFF-RESPONDENT,

                     V                                    MEMORANDUM AND ORDER

ONTARIO EXTERIORS, INC. AND THE CRESCENT ON
EAST AVENUE, INC., DEFENDANTS-APPELLANTS.
-------------------------------------------
ONTARIO EXTERIORS, INC.,
THIRD-PARTY PLAINTIFF-APPELLANT-RESPONDENT,

                     V

WILLIAMSTOWN CONSTRUCTION COMPANY, INC.,
DOING BUSINESS AS SUPERIOR CONSTRUCTION
CO., INC. AND/OR DOING BUSINESS AS
SUPERIOR INSULATION, THIRD-PARTY
DEFENDANT-RESPONDENT-APPELLANT,
AND THE CRESCENT ON EAST AVENUE, INC.,
THIRD-PARTY DEFENDANT-RESPONDENT.
_____

GOLDBERG SEGALLA LLP, BUFFALO (TROY S. FLASCHER OF COUNSEL), FOR
DEFENDANT-APPELLANT ONTARIO EXTERIORS, INC. AND THIRD-PARTY PLAINTIFF-
APPELLANT-RESPONDENT.

CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (KEVIN E. LOFTUS OF
COUNSEL), FOR DEFENDANT-APPELLANT THE CRESCENT ON EAST AVENUE, INC.
AND THIRD-PARTY DEFENDANT-RESPONDENT.

LEWIS & LEWIS, P.C., BUFFALO (ALLAN M. LEWIS OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

MOSEY PERSICO, LLP, BUFFALO (SHANNON M. HENEGHAN OF COUNSEL), FOR
THIRD-PARTY DEFENDANT-RESPONDENT-APPELLANT.
_____

     Appeals and cross appeal from an order of the Supreme Court, Erie
County (Joseph R. Glownia, J.), entered February 27, 2012. The order,
inter alia, granted the motion of plaintiff for partial summary
judgment on liability pursuant to Labor Law § 240 (1) against
defendants.

     It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by denying that part of plaintiff's
motion for partial summary judgment on liability under Labor Law § 240
(1) against defendant Ontario Exteriors, Inc. and granting in part the

motion of that defendant and dismissing the Labor Law § 240 (1) cause of action against it, and by granting in part the cross motion of third-party defendant Williamstown Construction Company, Inc., doing business as Superior Construction Co., Inc. and/or doing business as Superior Insulation, and dismissing the third-party complaint against it and as modified the order is affirmed without costs.

Memorandum: Defendant-third-party plaintiff, Ontario Exteriors, Inc. (Ontario), and defendant-third-party defendant, The Crescent on East Avenue, Inc. (Crescent), appeal and third-party defendant Williamstown Construction Company, Inc., doing business as Superior Construction Co., Inc. and/or doing business as Superior Insulation (Williamstown), cross-appeals from an order that, inter alia, granted plaintiff's motion for partial summary judgment on liability under Labor Law § 240 (1) against defendants, granted Crescent's motion for summary judgment seeking contractual indemnification from Ontario and Williamstown, and denied that part of Ontario's motion for summary judgment seeking "common law/contractual" indemnification from Williamstown. Crescent owns property improved by condominiums, and plaintiff, an employee of Williamstown, was injured when he fell through a skylight opening in the roof while he was installing insulation in roof rafters at the condominium complex owned by Crescent.

Supreme Court properly granted that part of plaintiff's motion for partial summary judgment on liability under Labor Law § 240 (1) against Crescent. Plaintiff's fall through a skylight opening is the very type of elevation-related accident encompassed by the statute (*see Angamarca v New York City Partnership Hous. Dev. Fund Co., Inc.*, 56 AD3d 264, 265; *see also Ganger v Anthony Cimato/ACP Partnership*, 53 AD3d 1051, 1052-1053). We agree with Ontario, however, that it is not liable under section 240 (1). Ontario established as a matter of law both that it did not coordinate and supervise the project (*see Mulcaire v Buffalo Structural Steel Constr. Corp.*, 45 AD3d 1426, 1428), and that it was not an agent of the owner to which the owner delegated the power to supervise and control plaintiff's work (*see Rowland v Wilmorite, Inc.*, 68 AD3d 1770), and plaintiff failed to raise an issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). We therefore modify the order accordingly.

We further conclude that the court properly denied that part of Crescent's cross motion for summary judgment dismissing the Labor Law § 241 (6) cause of action against it. That cause of action is premised on the alleged violation of 12 NYCRR 23-1.7 (b) (1) (i), which concerns hazardous openings. Crescent failed to meet its initial burden of establishing that it did not violate the regulation, that the regulation was not applicable to the facts of this case, or that the violation was not a proximate cause of the accident (*see Piazza v Frank L. Ciminelli Constr. Co., Inc.*, 2 AD3d 1345, 1349).

The court also properly denied those parts of Ontario's motion for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action against it. Labor Law § 200 and common-law negligence impose liability on a defendant that, inter alia,

created a dangerous condition at the work site (*see Sullivan v RGS Energy Group, Inc.*, 78 AD3d 1503, 1503), and Ontario failed to meet its initial burden of establishing that it did not create the dangerous condition, i.e., the unguarded skylight opening through which plaintiff fell (*see Verel v Ferguson Elec. Constr. Co., Inc.*, 41 AD3d 1154, 1156).  We reject Ontario's further contention that it owed no duty to plaintiff because its contract was with Crescent, the property owner (*see Ragone v Spring Scaffolding, Inc.*, 46 AD3d 652, 654; *cf. Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138).

We further conclude that the court properly granted Crescent's motion for summary judgment seeking contractual indemnification from Ontario and Williamstown.  Crescent secured indemnity agreements from those parties, and the agreements do not violate General Obligations Law § 5-322.1 because they do not purport to indemnify Crescent for its own acts of negligence (*see Brooks v Judlau Contr. Inc.*, 11 NY3d 204, 208-210).  We reject the contentions of Ontario and Williamstown that the court was required to make a finding that Crescent was not negligent in order to conclude that Crescent was entitled to contractual indemnification.  The court's conclusion is of course conditional, depending on the extent to which Crescent's negligence, if any, is determined to have contributed to the accident (*see Hernandez v Argo Corp.*, 95 AD3d 782, 783-784).

Finally, we conclude that the court properly denied that part of Ontario's motion for summary judgment seeking contractual and common-law indemnification from Williamstown but erred in denying that part of Williamstown's cross motion for summary judgment dismissing the third-party complaint against it.  We therefore further modify the order accordingly.  With respect to contractual indemnification, we note that the indemnification agreement between Ontario and Williamstown applies to "The Crescent III 1496 East Ave. Rochester, NY," but the accident here took place at 1488 East Avenue and thus by its own terms the indemnification agreement is inapplicable.  Even if the words "Crescent III" could be construed to apply to the entire condominium complex, thus rendering that phrase ambiguous, the agreement must be strictly construed against Ontario, which drafted it (*see Steuben Contr. v Griffith Oil Co.*, 283 AD2d 1008, 1008-1009).  We conclude that Ontario is not entitled to common-law indemnification from Williamstown because it created the dangerous condition that caused plaintiff's injuries (*see Correia v Professional Data Mgt.*, 259 AD2d 60, 65).

Entered:  May 3, 2013                          Frances E. Cafarell
                                               Clerk of the Court