Blunt v Clinton Hill Apts. Owner Corp. (2020 NY Slip Op 03639)





Blunt v Clinton Hill Apts. Owner Corp.


2020 NY Slip Op 03639


Decided on July 1, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2018-04279
 (Index No. 20009/12)

[*1]Arlean Blunt, appellant, 
v
Clinton Hill Apts. Owner Corp., et al., defendants, John Chandler II, etc., respondent.


Pollard Law Group, New York, NY (Jonathan Pollard of counsel), for appellant.
Loanzon LLP, New York, NY (Tristan C. Loanzon of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for unjust enrichment, the plaintiff appeals from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated February 21, 2018. The order granted the motion of the defendant John Chandler II, as executor for the estate of Lillian Chandler, and as administrator for the estate of Nicole Jaivette Chandler, for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is affirmed, with costs.
In 2012, the plaintiff commenced this action alleging, inter alia, fraud in connection with the transfer of ownership of an apartment. In 2014, the plaintiff amended the complaint to include, among other things, a cause of action for the imposition of a constructive trust against John Chandler II, as executor for the estate of Lillian Chandler, and as administrator for the estate of Nicole Jaivette Chandler. Approximately three years later, John Chandler II (hereinafter the defendant) moved for summary judgment dismissing the complaint insofar as asserted against him. The Supreme Court granted the motion, and the plaintiff appeals.
A court is generally powerless to grant a motion for summary judgment made prior to joinder of issue (see CPLR 3212[a]; City of Rochester v Chiarella, 65 NY2d 92, 101; Union Turnpike Assoc., LLC v Getty Realty Corp., 27 AD3d 725, 727; see e.g. Remote Meter Tech. of NY, Inc. v Aris Realty Corp., 83 AD3d 1030, 1031). Here, the defendant presented unrebutted evidence that he served an answer upon the plaintiff in October 2014. Thus, contrary to the plaintiff's contention, the defendant did not move for summary judgment prior to issue being joined (see David D. Siegel, Practice Commentaries, McKinney's Cons Laws of NY, CPLR C3212:12; 157 Milton, LLC v Sheydvesser, 60 Misc 3d 1223[A], 2018 NY Slip Op 51217[U] [Sup Ct, Kings County]). Accordingly, a denial of summary judgment on this basis was not warranted.
The Supreme Court did not err in granting the defendant's motion for summary judgment after the plaintiff had filed a voluntary notice of discontinuance. The plaintiff could not unilaterally discontinue the action because the defendant's answer was served approximately three years prior to the plaintiff's notice of discontinuance (see CPLR 3217).
DILLON, J.P., HINDS-RADIX, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court