(December 30, 1996)

■ LUISA Z. CHAKIR, Respondent, v DIME SAVINGS BANK OF NEW YORK, FSB., Appellant. [651 NYS2d 622] —In an action to recover damages for breach of contract, the defendant appeals (1) as limited by its brief, from so much of an order of the Supreme Court, Nassau County (McCabe, J.), dated April 12, 1996, as granted the plaintiff's motion for summary judgment, and (2) from a judgment of the same court dated April 17, 1996, which, upon granting the plaintiff's motion for summary judgment, is in favor of the plaintiff and against it in the sum of $34,873.93.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the plaintiff's motion for summary judgment is denied, and so much of the order dated April 12, 1996, as granted the plaintiff's motion for summary judgment is vacated, and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho*, 39

NY2d 241, 248). The issue raised on appeal from the order is brought up for review and has been considered on the appeal from the judgment.

The plaintiff served the defendant with a summons and complaint on or about November 27, 1995. Simultaneously, the plaintiff served the defendant with a motion for summary judgment. The court erred in considering the merits of the plaintiff's motion for summary judgment since the defendant did not have an opportunity to respond to the complaint, and, therefore, issue had not yet been joined as required under CPLR 3212 (CPLR 3212 [a]). Under the circumstances, the court was powerless to grant summary judgment (*see,* CPLR 3212 [a]; *see also, Grossman v Laurence Handprints-N.J.,* 90 AD2d 95, 98; *Alro Bldrs. & Contrs. v Chicken Koop,* 78 AD2d 512; *Milk v Gottschalk,* 29 AD2d 698). Miller, J. P., Ritter, Sullivan, Friedmann and Krausman, JJ., concur.