UNION TURNPIKE ASSOCIATES, LLC, Appellant, v GETTY REALTY CORP., Respondent. [812 NYS2d 628]—

In an action, inter alia, pursuant to Navigation Law § 181 for a judgment declaring that the plaintiff is entitled to indemnification and damages resulting from the defendant's discharge of petroleum, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated August 23, 2004, as granted those branches of the defendant's motion pursuant to CPLR 3211 (a) (1) and (5) which were to dismiss the complaint on the grounds of a defense founded upon documentary evidence and as time-barred, and denied its cross motion for summary judgment.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the defendant's motion which were pursuant to CPLR 3211 (a) (1) and (5) to dismiss the complaint, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

The Supreme Court erred in dismissing the complaint as time-barred. The complaint alleges, inter alia, that petroleum leaked from an underground storage tank (hereinafter UST) system on premises that the defendant leased from the plaintiff for the operation of a gasoline service station and that, after the contamination was detected by a subsequent tenant in June 2000, the plaintiff paid the costs of cleaning up the petroleum spill allegedly caused by the defendant. The plaintiff's demand for recoupment of cleanup costs expended by it and other related damages constitutes relief in the nature of indemnification, governed by a six-year statute of limitations (see CPLR 213 [2]; *State of New York v Stewart's Ice Cream Co.,* 64 NY2d

83 [1984]; *Barclays Bank of N.Y. v Tank Specialists*, 236 AD2d 570 [1997]; *145 Kisco Ave. Corp. v Dufner Enters.*, 198 AD2d 482 [1993]). Moreover, the demand for a declaratory judgment, which sounds in indemnification for past cleanup costs, is also governed by a six-year statute of limitations (*see* CPLR 213 [1]; *145 Kisco Ave. Corp. v Dufner Enters., supra*). The six-year limitations period began to run when the plaintiff suffered a loss by paying the debt for which it alleges the defendant should be held responsible, and a new, separate cause of action accrues each time a payment is made (*see State of New York v Speonk Fuel, Inc.*, 3 NY3d 720, 724 [2004]; *State of New York v Stewart's Ice Cream Co., supra* at 88). The record shows that the plaintiff first began making payments for the cleanup when it was required to abate the subsequent tenant's rent to compensate that tenant for the cost of remediating and cleaning up the petroleum contamination. While the record is not conclusive as to when the rent abatement began, it occurred at the earliest in November 2002 when the tenant hired an environmental contractor to remove the UST system. Since this action was commenced within six years of the first payment, it was timely interposed (*see State of New York v Speonk Fuel, supra; State of New York v Stewart's Ice Cream Co., supra*).

Moreover, the Supreme Court erred in dismissing the contribution and indemnification claims as precluded under Navigation Law § 181 (5). The documentary evidence submitted by the defendant, which included the parties' lease, did not conclusively establish that the plaintiff was responsible for maintaining and repairing the UST system. Moreover, contrary to the Supreme Court's determination, "Navigation Law § 181 (5) allows a faultless landowner to seek contribution from the actual discharger, even though the landowner itself is liable as a discharger under § 181 (1)" (*State of New York v Green*, 96 NY2d 403, 408 [2001]; *see White v Long*, 85 NY2d 564, 568-569 [1995]). There is no evidence in the record upon which this Court could find, as a matter of law, that the plaintiff caused or contributed to the discharge, and thus is precluded from bringing this action against the defendant (*cf. Hjerpe v Globerman*, 280 AD2d 646 [2001]; *Calabro v Sun Oil Co.*, 276 AD2d 858 [2000]).

Although the Supreme Court denied the plaintiff's cross motion for summary judgment on the complaint as academic, we affirm the denial, but for different reasons. Since there is no indication in the record that issue had yet been joined, the Supreme Court was powerless to grant summary judgment on the complaint prior to joinder of issue (*see* CPLR 3212 [a]; *Chakir v Dime Sav. Bank of N.Y.*, 234 AD2d 577 [1996]; *Milk v*

*Gottschalk,* 29 AD2d 698 [1968]). Miller, J.P., Mastro, Fisher and Lunn, JJ., concur.