SECOND DEPARTMENT, DECEMBER, 2009

(December 1, 2009)

■ ADRIAN ALEXANDRU, Appellant, v STEVE PAPPAS et al., Respondents. [890 NYS2d 593]—

"The party seeking a preliminary injunction must demonstrate a probability of success on the merits, danger of irreparable injury in the absence of an injunction and a balance of equities in its favor" (*Nobu Next Door, LLC v Fine Arts Hous., Inc.,* 4 NY3d 839, 840 [2005]). The purpose of a preliminary injunction is to preserve the status quo and to prevent the dissipation of property, which might make a judgment ineffectual (*see Rattner & Assoc. v Sears, Roebuck & Co.,* 294 AD2d 346 [2002]). "The determination to grant or deny a preliminary injunction rests in the sound discretion of the Supreme Court" (*Coinmach Corp. v Alley Pond Owners Corp.,* 25 AD3d 642, 643 [2006]).

In this case, the plaintiff made the requisite showing and therefore, it was an improvident exercise of discretion to deny his motion for a preliminary injunction (*see Yemini v Goldberg,* 60 AD3d 935 [2009]). The plaintiff made a prima facie showing that he was likely to succeed on the merits of his cause of action for specific performance of the stipulations of settlement entered into on the record on August 14, 2008 and September 24, 2008, respectively, that enforcement of a capital call issued by the defendant Daily Mirror Associates against him would impair his rights under those stipulations, and that the equities lie with him, as he has performed his obligations under the stipulations.

However, to the extent that the plaintiff's motion sought to compel the defendants to specifically perform their obligations under the stipulations of settlement, which is the ultimate relief sought in the action, that branch of the motion was, in effect, for summary judgment, which procedurally could not be granted, as issue had yet to be joined (*see* CPLR 3212 [a]). Thus, that branch of the motion was properly denied.

That branch of the motion which sought to hold the defendants in contempt of court for failure to comply with the stipulations of settlement was premature, and thus properly denied. Skelos, J.P., Florio, Balkin and Leventhal, JJ., concur.