■ ALI REZA SHAIBANI, Respondent, v KRISTIN SORAYA, Appellant. [898 NYS2d 72]—In an action pursuant to Domestic Relations Law § 140 (a) for a judgment declaring that a marriage is null and void, the defendant appeals from an order of the Supreme Court, Suffolk County (MacKenzie, J.), dated October 15, 2008, which granted the plaintiff's motion, in effect, for summary judgment declaring that the parties' marriage is a nullity and directing the eviction of the defendant from a residence located at 39 Dunlop Road, in Huntington, and denied her cross motion, in effect, for summary judgment declaring that the parties' marriage is valid, or, in the alternative, that she is a putative spouse, and directing the equitable distribution of the parties' assets.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the plaintiff's motion, in effect, for summary judgment declaring that the parties' marriage is a nullity and directing the eviction of the defendant from the residence located at 39 Dunlop Road, in Huntington, and substituting therefor a provision denying the motion; as so modified, the order is affirmed, without costs or disbursements.

CPLR 3212 (a) provides that "[a]ny party may move for summary judgment in any action, after issue has been joined." Joinder of issue requires the service of a complaint by the plaintiff and an answer or counterclaim by the defendant (see Chakir v Dime Sav. Bank of N.Y., 234 AD2d 577, 578 [1996]; Woodworth v Woodworth, 135 AD2d 1143 [1987]). Here, the plaintiff served the defendant with a summons with notice on or about January 15, 2008. There is no indication in the record that the plaintiff ever served the defendant with a complaint. Instead, the plaintiff moved, and the defendant cross-moved, for summary relief. Under these circumstances, the Supreme Court erred in considering the merits of the motion and cross motion, in effect, for summary judgment, since issue had not yet been joined as required by CPLR 3212 (see CPLR 3212 [a]; City of Rochester v Chiarella, 65 NY2d 92, 101 [1985]; Union Turnpike Assoc., LLC v Getty Realty Corp., 27 AD3d 725, 727 [2006]). Rivera, J.P., Florio, Angiolillo and Belen, JJ., concur.