■ ELEANOR GASKIN, Appellant, v RICHARD T. HARRIS, Respondent. [950 NYS2d 751]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated March 31, 2011, which denied her motion, in effect, for summary judgment on the complaint,

and granted the defendant's cross motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's cross motion which was pursuant to CPLR 3211 (a) (1) and (7) to dismiss the cause of action alleging legal malpractice, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed, without costs or disbursements.

The Supreme Court properly denied the plaintiff's motion, in effect, for summary judgment on the complaint. "A motion for summary judgment may not be made before issue is joined (CPLR 3212 [a]) and the requirement is strictly adhered to" (*City of Rochester v Chiarella*, 65 NY2d 92, 101 [1985]). Here, the plaintiff moved, in effect, for summary judgment simultaneously with her commencement of this action, and, thus, before issue could be joined. Under these circumstances, the Supreme Court was powerless to grant summary judgment (*see Union Turnpike Assoc., LLC v Getty Realty Corp.*, 27 AD3d 725, 727-728 [2006]; *Chakir v Dime Sav. Bank of N.Y.*, 234 AD2d 577 [1996]; *see also Shaibani v Soraya*, 71 AD3d 1121 [2010]).

However, the Supreme Court should not have granted that branch of the defendant's cross motion which was pursuant to CPLR 3211 (a) (1) and (7) to dismiss the cause of action alleging legal malpractice. To recover damages for legal malpractice, a plaintiff is required to show that the defendant attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, and that the attorney's breach of this duty caused the plaintiff to suffer actual and ascertainable damages (*see Dombrowski v Bulson*, 19 NY3d 347, 350 [2012]; *Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]; *McCoy v Feinman*, 99 NY2d 295, 301-302 [2002]; *Gershkovich v Miller, Rosado & Algios, LLP*, 96 AD3d 716, 717 [2012]). When determining a motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must accept the facts alleged in the pleading as true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Marom v Anselmo*, 90 AD3d 622, 623 [2011]), and "may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint" (*Leon v Martinez*, 84 NY2d at 88; *see Berman v Christ Apostolic Church Intl. Miracle Ctr., Inc.*, 87 AD3d 1094, 1096-1097 [2011]; *Kopelowitz*

& *Co., Inc. v Mann,* 83 AD3d 793, 797 [2011]). Further, a motion pursuant to CPLR 3211 (a) (1) may be granted "only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.,* 98 NY2d at 326; *see Leon v Martinez,* 84 NY2d at 88; *Robertson v Wells,* 95 AD3d 862, 863 [2012]; *Magnus v Sklover,* 95 AD3d 837, 837 [2012]).

Applying these principles here, the complaint, as amplified by the affidavits submitted by the plaintiff, adequately states a cause of action to recover damages for legal malpractice. The plaintiff alleges that the defendant negligently advised her to seek workers' compensation benefits for injuries sustained in the course of her employment as a substitute teacher, when he should have known, as an attorney specializing in this area, that New York City teachers and substitute teachers are not covered by the Workers' Compensation Law. She further claims that the defendant advised her to pursue a baseless workers' compensation claim instead of litigation, failed to advise her of the deadline for filing a notice of claim, and counseled her against accepting a mediator's recommended settlement that would have afforded her some compensation for her injuries. Although the documentary evidence submitted by the defendant establishes that he promptly filed a workers' compensation claim on the plaintiff's behalf, and that the claim was denied on the ground that New York City teachers, including substitute teachers, are not covered by the Workers' Compensation Law, this evidence does not conclusively establish a defense to the plaintiff's asserted malpractice claims. Accordingly, the Supreme Court should have denied that branch of the defendant's cross motion which was pursuant to CPLR 3211 (a) (1) and (7) to dismiss the cause of action alleging legal malpractice (*see Magnus v Sklover,* 95 AD3d at 837; *Ofman v Katz,* 89 AD3d 909, 910 [2011]; *Thompsen v Baier,* 84 AD3d 1062, 1063 [2011]).

The Supreme Court, however, properly granted that branch of the defendant's cross motion which was pursuant to CPLR 3211 (a) (1) and (7) to dismiss the cause of action alleging breach of contract, since that claim is duplicative of the legal malpractice claim (*see Ofman v Katz,* 89 AD3d at 911; *Alizio v Feldman,* 82 AD3d 804, 805 [2011]; *Conklin v Owen,* 72 AD3d 1006, 1007 [2010]; *see also Scartozzi v Potruch,* 72 AD3d 787, 789 [2010]; *Magnacoustics, Inc. v Ostrolenk, Faber, Gerb & Soffen,* 303 AD2d 561, 562 [2003]). The Supreme Court also properly granted that branch of the defendant's cross motion which was pursuant to CPLR 3211 (a) (1) and (7) to dismiss the plaintiff's demand to recover damages for emotional distress, since damages in a legal

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

malpractice action are limited to pecuniary loss (*see Dombrowski v Bulson*, 19 NY3d at 351; *Guiles v Simser*, 35 AD3d 1054, 1056 [2006]; *Wolkstein v Morgenstern*, 275 AD2d 635, 637 [2000]). Rivera, J.P., Florio, Eng and Cohen, JJ., concur.