■ EDITH LINDBERGH, Respondent, v SHLO 54, LLC, et al., Appellants. [9 NYS3d 105]—

In an action, inter alia, pursuant to RPAPL article 15 for a

judgment declaring that the plaintiff acquired title to certain real property by adverse possession, the defendants appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Kings County (Velasquez, J.), dated August 22, 2012, as granted the plaintiff's motion, in effect, for summary judgment on the first cause of action declaring that the plaintiff is the owner of certain real property by adverse possession, and denied those branches of their cross motion pursuant to CPLR 3211 (a) which were to dismiss the first cause of action and the plaintiff's demand for punitive damages, and (2) from an order of the same court dated August 20, 2013, which denied their motion for leave to renew their opposition to the plaintiff's motion and to renew that branch of their cross motion pursuant to CPLR 3211 (a) which was to dismiss the first cause of action, and for sanctions pursuant to 22 NYCRR 130-1.1.

Ordered that the order dated August 20, 2013, is modified, on the law, by deleting the provision thereof denying those branches of the defendants' motion which were for leave to renew their opposition to the plaintiff's motion, in effect, for summary judgment on the first cause of action declaring that the plaintiff is the owner of certain real property by adverse possession, and to renew that branch of their cross motion which was pursuant to CPLR 3211 (a) to dismiss the first cause of action, and substituting therefor a provision granting those branches of the defendants' motion, and, upon renewal, vacating the determinations in the order dated August 22, 2012, granting the plaintiff's motion, in effect, for summary judgment on the first cause of action declaring that the plaintiff is the owner of certain real property by adverse possession and denying that branch of the defendants' cross motion pursuant to CPLR 3211 (a) which was to dismiss the first cause of action, and thereupon, denying the plaintiff's motion and granting that branch of the defendants' cross motion; as so modified, the order dated August 20, 2013, is affirmed; and it is further,

Ordered that the appeal from so much of the order dated August 22, 2012, as granted the plaintiff's motion, in effect, for summary judgment on the first cause of action declaring that the plaintiff is the owner of certain real property by adverse possession, and denied that branch of the defendants' cross motion pursuant to CPLR 3211 (a) which was to dismiss the first cause of action, is dismissed as academic in light of our determination of the appeal from the order dated August 20, 2013; and it is further,

Ordered that the order dated August 22, 2012, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The plaintiff owns real property (hereinafter the Lindbergh property) located at 1346 East 27th Street in Brooklyn. The defendant SHLO 54, LLC (hereinafter the LLC), owns adjacent real property (hereinafter the LLC property) located at 1350 East 27th Street. The plaintiff commenced this action, inter alia, pursuant to RPAPL article 15 for a judgment declaring that she acquired title to a strip of land located along the shared boundary of the properties by adverse possession.

On January 25, 2012, prior to the defendants' answer to the complaint, the plaintiff moved, among other things, in effect, for summary judgment on her first cause of action declaring that she is the owner of the disputed real property by adverse possession. The defendants cross-moved pursuant to CPLR 3211 (a), inter alia, to dismiss the first cause of action. In the order appealed from dated August 22, 2012, the Supreme Court granted the plaintiff's motion, in effect, for summary judgment on her first cause of action and denied the defendants' cross motion.

Thereafter, the defendants moved for leave to renew, inter alia, that branch of their cross motion pursuant to CPLR 3211 (a) which was to dismiss the first cause of action. In support of the motion, the defendants submitted a "Boundary Line Agreement" dated October 19, 1988, wherein the plaintiff and the LLC's predecessor in title agreed to "ratify in all respects the true boundary lines of the [LLC property] as shown on the attached copy of the survey," dated December 27, 1961. Further, the parties agreed therein that the plaintiff "shall acquire no prescriptive rights to use or occupy any portion of the [LLC property]." In the order appealed from dated August 20, 2013, the Supreme Court denied the defendants' motion for leave to renew.

"A motion for summary judgment may not be made before issue is joined (CPLR 3212 [a]) and the requirement is strictly adhered to" (*City of Rochester v Chiarella*, 65 NY2d 92, 101 [1985]). Accordingly, the Supreme Court should have denied the plaintiff's motion for summary judgment, since it was made before issue was joined (*see* CPLR 3212 [a]; *Gaskin v Harris*, 98 AD3d 941, 942 [2012]; *Shaibani v Soraya*, 71 AD3d 1121 [2010]; *115-41 St. Albans Holding Corp. v Estate of Harrison*, 71 AD3d 653 [2010]; *Alexandru v Pappas*, 68 AD3d 690, 691 [2009]).

A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" and "shall contain reasonable justification for the

failure to present such facts on the prior motion" (CPLR 2221 [e] [2], [3]; *see Rakha v Pinnacle Bus Servs.*, 98 AD3d 657, 657 [2012]; *DeMarquez v Gallo*, 94 AD3d 1039, 1040 [2012]; *Matter of Choy v Mai Ling Lai*, 91 AD3d 772, 772 [2012]). "A motion to dismiss pursuant to CPLR 3211 (a) (1) will be granted only if the documentary evidence resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim" (*Fontanetta v John Doe 1*, 73 AD3d 78, 83 [2010] [internal quotation marks omitted]). To establish a claim of title to property by adverse possession, a party "must prove, by clear and convincing evidence, inter alia, that the possession was (1) hostile and under claim of right; (2) actual; (3) open and notorious; (4) exclusive; and (5) continuous for the statutory period of 10 years" (*5262 Kings Hwy., LLC v Nadia Dev., LLC*, 121 AD3d 748, 749 [2014]; *see Hogan v Kelly*, 86 AD3d 590, 591 [2011]).

Here, the defendants provided a reasonable justification for failing to submit the Boundary Line Agreement with their initial cross motion (*see* CPLR 2221 [e] [3]). Furthermore, the Boundary Line Agreement conclusively established that the plaintiff's alleged possession of the disputed strip of land was not hostile. Accordingly, the Supreme Court should have granted the defendants' motion for leave to renew, and upon renewal, granted that branch of the defendants' cross motion which was pursuant to CPLR 3211 (a) (1) to dismiss the first cause of action.

Contrary to the defendants' contention, the Supreme Court properly denied that branch of their cross motion which was to dismiss the plaintiff's demand for punitive damages. While the defendants established that the plaintiff cannot maintain a claim for adverse possession, the plaintiff sought punitive damages in connection with separate causes of action to recover damages for trespass with respect to property other than the disputed strip of land, which have not been adjudicated.

The Supreme Court providently exercised its discretion in declining to impose sanctions upon the plaintiff, as the defendants failed to demonstrate that her conduct was frivolous within the meaning of 22 NYCRR 130-1.1 (c) (*see Kaplon-Belo Assoc., Inc. v D'Angelo*, 79 AD3d 931 [2010]). Rivera, J.P., Austin, Sgroi and Barros, JJ., concur.