In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Kings County (Walker, J.), dated October 24, 2014, as denied those branches of its motion which were for summary judgment on the complaint and for an order of reference, and (2) so much of an order of the same court dated September 30, 2015, as denied those branches of its motion which were for leave to enter a default judgment and for an order of reference, and granted that branch of the cross motion of the defendants Khadija Begum and Mohammad Nawaz which was pursuant to CPLR 3215 (c) to dismiss the complaint insofar as asserted against them as abandoned.
 

 Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.
 

 In August 2007, the defendant Khadija Begum (hereinafter the defendant) executed and delivered to Wachovia Bank, National Association, a note and mortgage. In December 2010, Wells Fargo Bank, N.A. (hereinafter Wells Fargo), as successor to the original lender, commenced this action to foreclose the mortgage against the defendant and others. The defendant was served with the summons and complaint on December 30, 2010. She did not file an answer or move to dismiss the complaint, but did formally appear in the action by her attorneys, who filed a notice of appearance. After the commencement of the action, the note and mortgage were assigned to JBBNY, LLC, which was substituted as the plaintiff.
 

 The plaintiff moved, inter alia, for summary judgment on the complaint and for an order of reference. The Supreme Court denied those branches of the motion. Thereafter, the plaintiff moved, inter alia, for leave to enter a default judgment and for an order of reference. The defendant and the defendant Mohammad Nawaz (hereinafter together the defendants) cross-moved, inter alia, pursuant to CPLR 3215 (c) to dismiss the complaint insofar as asserted against them as abandoned. The court denied the plaintiff’s motion and granted that branch of the defendants’ cross motion. The plaintiff appeals.
 

 Contrary to the plaintiff’s contention, the Supreme Court properly denied those branches of its motion which were for summary judgment on the complaint and for an order of reference. “Amotion for summary judgment may not be made before issue is joined (CPLR 3212 [a]) and the requirement is strictly adhered to” (City of Rochester v Chiarella, 65 NY2d 92, 101 [1985]; see Lindbergh v SHLO 54, LLC, 128 AD3d 642, 644 [2015]; Gaskin v Harris, 98 AD3d 941, 942 [2012]). Where, as here, a defendant has served a notice of appearance, but has not served "a responsive pleading,” in this case, an answer (see CPLR 3011), issue has not been joined, and the plaintiff is barred from seeking summary judgment (see 115-41 St. Albans Holding Corp. v Estate of Harrison, 71 AD3d 653 [2010]; Alexandru v Pappas, 68 AD3d 690, 691 [2009]; Union Turnpike Assoc., LLC v Getty Realty Corp., 27 AD3d 725, 727 [2006]). Accordingly, the court was powerless to grant summary judgment (see Gaskin v Harris, 98 AD3d at 942).
 

 The Supreme Court providently exercised its discretion in rejecting the plaintiffs arguments in opposition to that branch of the defendants’ cross motion which was pursuant to CPLR 3215 (c) to dismiss the complaint insofar as asserted against them as abandoned. CPLR 3215 (a) provides that “[w]hen a defendant has failed to appear, plead or proceed to trial . . . the plaintiff may seek a default judgment against him [or her].” However, pursuant to CPLR 3215 (c), “[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after [a defendant’s] default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed.” “The language of CPLR 3215 (c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts ‘shall’ dismiss claims (CPLR 3215 [c]) for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned” (Giglio v NTIMP, Inc., 86 AD3d 301, 307-308 [2011]; see Myoung Ja Kim v Wilson, 150 AD3d 1019, 1020 [2017]; Pipinias v J. Sackaris & Sons, Inc., 116 AD3d 749, 751 [2014]). “Failure to take proceedings for entry of judgment may be excused, however, upon a showing of sufficient cause,” which requires the plaintiff to “demonstrate that it had a reasonable excuse for the delay in taking proceedings for entry of a default judgment and that it has a potentially meritorious action” (Aurora Loan Servs., LLC v Hiyo, 130 AD3d 763, 764 [2015]; see Myoung Ja Kim v Wilson, 150 AD3d at 1020; HSBC Bank USA, N.A. v Grella, 145 AD3d 669, 671 [2016]; Pipinias v J. Sackaris & Sons, Inc., 116 AD3d at 750).
 

 Here, the defendants were served with the summons and complaint on December 30, 2010. The defendant had “twenty days after service of the summons” to appear “by serving an answer or a notice of appearance, or by making a motion which has the effect of extending the time to answer” (CPLR 320 [a]). As the court stated, and the parties do not dispute, the plaintiff’s time to bring a motion for leave to enter a default judgment expired on February 3, 2012, a year after the defendants’ default, but the plaintiff did not make such a motion until January 2015.
 

 The plaintiff contends that the “sufficient cause shown” standard was met by the “significant delay” caused by an improper stipulation of discontinuance that was filed on February 22, 2013, and the proceedings it had to take to obtain an order dated August 15, 2013, vacating the stipulation and restoring the action to the calendar. However, as the Supreme Court noted, actions taken in 2013 and thereafter “offer no excuse as to why no action was taken within one year of the default, as required by statute.” In fact, this Court has held that “[a]n excuse which matures after the expiration of the statutory limit for entering a default judgment with the Clerk is legally insufficient to justify a plaintiff’s failure to enter the default judgment” (Monzon v Sony Motor, 115 AD2d 714, 715 [1985]; see Mattera v Capric, 54 AD3d 827, 828 [2008]; Rafiq v Weston, 171 AD2d 783, 784 [1991]). For the same reason, there is no merit to the plaintiff’s argument that the same proceedings in 2013 established that it had not abandoned the action (cf. Aurora Loan Servs., LLC v Gross, 139 AD3d 772, 773 [2016]; US Bank N.A. v Dorestant, 131 AD3d 467, 469 [2015]; Brown v Rosedale Nurseries, 259 AD2d 256, 257 [1999]).
 

 Accordingly, the Supreme Court properly granted that branch of the defendants’ cross motion which was to dismiss the complaint insofar as asserted against them as abandoned, and denied those branches of the plaintiff’s motion which were for leave to enter a default judgment and for an order of reference.
 

 Mastro, J.P., Hall, Miller and Brathwaite Nelson, JJ., concur.