Cremosa Food Co., LLC v Amella (2018 NY Slip Op 06077)





Cremosa Food Co., LLC v Amella


2018 NY Slip Op 06077


Decided on September 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2016-10412
 (Index No. 25371/13)

[*1]Cremosa Food Company, LLC, respondent,
v
Joseph . Amella, etc., appellant.


The Weinstein Group, P.C., Syosset, NY (Lloyd J. Weinstein of counsel), for appellant.
Glenn H. Ripa, New York, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover on an account stated and damages for unjust enrichment, the defendant appeals from an order of the Supreme Court, Suffolk County (William B. Rebolini, J.), dated July 28, 2016. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On September 20, 2013, the plaintiff commenced this action to recover money allegedly owed by the defendant for goods delivered to the defendant's restaurant in East Northport from November 2009 to April 2010. Without first answering the complaint, the defendant moved for summary judgment dismissing the complaint. The Supreme Court stated that denial of the defendant's motion for summary judgment was "required because defendant failed to include a complete set of the pleadings in support of the motion as required by CPLR 3212(b)." We affirm the denial of the defendant's motion, but for a reason different from that relied upon by the court.
A motion for summary judgment may only be made after joinder of issue (see CPLR 3212[a]). Where, as here, it is conceded that the defendant had not served an answer before moving for summary judgment, issue was not joined and the defendant was precluded from obtaining summary judgment (see JBBNY, LLC v Begum, 156 AD3d 769; 115-41 St. Albans Holding Corp. v Estate of Harrison, 71 AD3d 653; Alexandru v Pappas, 68 AD3d 690). The requirement that a motion for summary judgment may not be made before issue is joined (see CPLR 3212[a]) "is strictly adhered to" (City of Rochester v Chiarella, 65 NY2d 92, 101; see Lindbergh v SHLO 54, LLC, 128 AD3d 642). Therefore, summary judgment was not warranted (see Gaskin v Harris, 98 AD3d 941, 942; Union Turnpike Assoc., LLC v Getty Realty Corp., 27 AD3d 725).
Accordingly, we agree with the Supreme Court's denial of the defendant's motion for summary judgment.
LEVENTHAL, J.P., COHEN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court