Bank of Am., N.A. v Santos (2019 NY Slip Op 06056)





Bank of Am., N.A. v Santos


2019 NY Slip Op 06056


Decided on August 7, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2016-12902
 (Index No. 27593/09)

[*1]Bank of America, National Association, etc., appellant,
v
Cristy Santos, respondent, et al., defendants.


Hinshaw & Culbertson LLP, New York, NY (Dana B. Briganti and Schuyler B. Kraus of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered June 6, 2016. The order denied the plaintiff's motion, inter alia, to restore the action to the active calendar, for leave to enter a default judgment against the defendant Cristy Santos, and for an order of reference, and granted the cross motion of the defendant Cristy Santos pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned.
ORDERED that the order is affirmed, without costs or disbursements.
In October 2009, the plaintiff commenced this action against, among others, the defendant Cristy Santos (hereinafter the defendant) to foreclose a mortgage on residential property. The defendant failed to appear or answer the complaint. In August 2010, the plaintiff filed a request for judicial intervention. The action was sent to the foreclosure settlement conference part on December 23, 2010, and was released from that part on February 9, 2011. The action was marked inactive in December 2013. In December 2015, the plaintiff moved, inter alia, to restore the action to the court's active calendar, for leave to enter a default judgment against the defendant, and for an order of reference. The defendant opposed the motion and cross-moved pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned. The Supreme Court denied the plaintiff's motion, and granted the defendant's cross motion. The plaintiff appeals.
"CPLR 3215(c) generally provides that [i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion'" (BAC Home Loans Servicing, LP v Broskie, 166 AD3d 842, 843, quoting CPLR 3215). "The failure to timely seek a default may be excused if sufficient cause is shown why the complaint should not be dismissed, which requires the plaintiff to proffer a reasonable excuse for the delay in timely moving for a default judgment and to demonstrate that the cause of action is potentially meritorious" (HSBC Bank USA, N.A. v Grella, 145 AD3d 669, 671 [citation and internal quotation marks omitted]; see Ibrahim v Nablus Sweets Corp., 161 AD3d 961, 963; JBBNY, LLC v Begum, 156 AD3d 769, 771). " The determination of whether an excuse is reasonable in any given instance is committed to the sound discretion of the motion court'" (HSBC Bank USA, N.A. v Seidner, 159 AD3d 1035, 1036, quoting Giglio v NTIMP, Inc., 86 AD3d 301, 308; see Ibrahim v Nablus Sweets Corp., 161 AD3d at 963).
Here, the plaintiff's vague, conclusory, and unsubstantiated assertions that unspecified periods of delay were attributable to changes in loan servicer and counsel, and compliance with a then newly adopted administrative order, were insufficient to excuse the lengthy delay in moving for a default judgment (see BAC Home Loans Servicing, LP v Broskie, 166 AD3d at 843; Wells Fargo Bank N.A. v Cafasso, 158 AD3d 848, 849-850). Since the plaintiff failed to proffer a reasonable excuse, this Court need not consider whether it had a potentially meritorious cause of action (see BAC Home Loans Servicing, LP v Broskie, 166 AD3d at 843).
Accordingly, we agree with the Supreme Court's determination denying the plaintiff's motion, inter alia, to restore the action to the active calendar, for leave to enter a default judgment against the defendant, and for an order of reference, and granting the defendant's cross motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned.
The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination.
SCHEINKMAN, P.J., AUSTIN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court