Hershman v Bank of N.Y. Mellon (2023 NY Slip Op 04369)

Hershman v Bank of N.Y. Mellon

2023 NY Slip Op 04369

Decided on August 23, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 23, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
PAUL WOOTEN
LILLIAN WAN, JJ.

2021-02756
 (Index No. 70774/19)

[*1]Richard K. Hershman, et al., appellants 
v
Bank of New York Mellon, etc., et al., respondents.

Richard K. Hershman, PLLC, New York, NY (Richard K. Hershman pro se of counsel), for appellants.
Ackerman, LLP, New York, NY (Jordan M. Smith of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and fraud, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Terry Jane Ruderman, J.), dated March 10, 2021. The order, insofar as appealed from, granted those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging breach of contract and fraud.
ORDERED that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof granting that branch of the defendants' motion which was to dismiss the cause of action alleging breach of contract, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs.
In September 2005, the plaintiffs executed a note in the sum of $1,165,000 in favor of nonparty America's Wholesale Lender (hereinafter America's Wholesale), which was secured by a mortgage on certain real property located in Tarrytown. In May 2016, the Bank of New York Mellon (hereinafter BNYM), as the mortgagee's alleged successor-in-interest, commenced an action entitled Bank of New York Mellon v Hershman in the Supreme Court, Westchester County, under Index No. 58666/16, to foreclose the mortgage (hereinafter the foreclosure action). BNYM alleged, inter alia, that the plaintiffs defaulted in making mortgage payments beginning on April 1, 2014.
In December 2019, the plaintiffs commenced the instant action, inter alia, to recover damages for breach of contract and fraud against BNYM and the Bank of America (hereinafter together the defendants). The plaintiffs alleged, among other things, that on October 28, 2013, the defendants for the first time paid real estate taxes on the property which were not yet due. The plaintiffs further alleged that, starting on January 1, 2014, the defendants unilaterally increased the plaintiffs' monthly mortgage payments to include escrow payments for real estate taxes, which was in breach of an agreement by which the plaintiffs were to make no escrow payments if the plaintiffs paid the real estate taxes. Thereafter, the defendants moved pursuant to CPLR 3211(a) to dismiss the amended complaint. In an order dated March 10, 2021, the Supreme Court, inter alia, granted those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging breach of contract and fraud. The plaintiffs appeal.
"The elements of a cause of action based on fraud are 'a representation of material fact, the falsity of that representation, knowledge by the party who made the representation that it was false when made, justifiable reliance by the plaintiff, and resulting injury'" (Lebovits v Bassman, 120 AD3d 1198, 1198, quoting Global Mins. & Metals Corp. v Holme, 35 AD3d 93, 98). "Additionally, to state a cause of action alleging fraud, the complaint must set forth in detail the complained of misconduct" (IndyMac Bank, F.S.B. v Vincoli, 105 AD3d 704, 707). Further, "[a] cause of action premised upon fraud cannot lie where it is based on the same allegations as a breach of contract claim" (Olden Group, LLC v 2890 Review Equity, LLC, 209 AD3d 748, 752; see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 389). Here, the allegations which form the basis of the cause of action alleging fraud are the same as those underlying the breach of contract cause of action (see Olden Group, LLC v 2890 Review Equity, LLC, 209 AD3d at 752). Moreover, the plaintiffs failed to allege or provide details of any material misrepresentation made by the defendants or the plaintiffs' justifiable reliance thereon (see Hausen v North Fork Radiology, P.C., 171 AD3d 888, 891). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging fraud for failure to state a cause of action.
"A defendant who seeks dismissal of a complaint pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations bears the initial burden of proving, prima facie, that the time in which to sue has expired" (Listwon v 500 Metro. Owner, LLC, 188 AD3d 1028, 1029 [internal quotation marks omitted]). Here, the defendants failed to satisfy their initial burden of demonstrating, prima facie, that the cause of action alleging breach of contract was time-barred (see JP Morgan Chase Bank, N.A. v Mbanefo, 166 AD3d 742, 744). The cause of action alleging breach of contract accrued at the time of the alleged breach on January 1, 2014, when the defendants unilaterally increased the plaintiffs' monthly mortgage payments to include escrow payments for real estate taxes in breach of the parties' alleged agreement. Since the instant action was commenced in December 2019, within six years from the date of accrual of the cause of action alleging breach of contract (see CPLR 213[2]), dismissal of that cause of action pursuant to CPLR 3211(a)(5) as time-barred was not warranted.
Contrary to the Supreme Court's determination, the allegations in the amended complaint with respect to the cause of action alleging breach of contract, as amplified by an affidavit of the plaintiff Richard K. Hershman submitted in opposition to the defendants' motion, were sufficient to satisfy the statute of frauds (see McKesson Med.-Surgical Minn. Supply, Inc. v Caremed Supplies, Inc., 164 AD3d 1441, 1443). Furthermore, contrary to the defendants' contention, dismissal of the cause of action alleging breach of contract was not warranted pursuant to CPLR 3211(a)(4) on the ground that the foreclosure action remained pending.
Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was to dismiss the cause of action alleging breach of contract.
DUFFY, J.P., MILLER, WOOTEN and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court