Maurizaca v CW Highridge Plaza, LLC (2023 NY Slip Op 06734)

Maurizaca v CW Highridge Plaza, LLC

2023 NY Slip Op 06734

Decided on December 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
LAURENCE L. LOVE, JJ.

2020-02297
 (Index No. 14164/16)

[*1]Marco Maurizaca, plaintiff, 
v
CW Highridge Plaza, LLC, defendant third-party plaintiff, H Mart Yonkers, LLC, defendant third-party defendant/second third-party plaintiff- respondent, et al., defendant; JD Phoenix, Inc., second third-party defendant-appellant.

Hur, Lash & Choe, LLP, Flushing, NY (Scott Hur and Robert L. Lash of counsel), for second third-party defendant-appellant.
Charles M. Hammer, Quogue, NY (Hillary P. Kahan of counsel), for defendant third-party defendant/second third-party plaintiff-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, JD Phoenix, Inc., appeals from an order of the Supreme Court, Queens County (Salvatore J. Modica, J.), entered October 8, 2019. The order, insofar as appealed from, granted that branch of the motion of H Mart Yonkers, LLC, which was for summary judgment on its cause of action to recover damages for breach of contract alleging failure to procure insurance.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of H Mart Yonkers, LLC, which was for summary judgment on its cause of action to recover damages for breach of contract alleging failure to procure insurance is denied.
The plaintiff was allegedly injured while performing carpentry work pursuant to a contract between his employer, JD Phoenix, Inc., and H Mart Yonkers, LLC (hereinafter H Mart), on premises leased by H Mart. The plaintiff commenced an action to recover damages for personal injuries against, inter alia, CW Highridge Plaza, LLC (hereinafter CW Highridge), the owner of the premises, and CW Highridge commenced a third-party action against H Mart. H Mart subsequently commenced a second third-party action against JD Phoenix, alleging, inter alia, that JD Phoenix breached the parties' contract by failing to procure liability insurance naming H Mart as an additional insured.
Prior to JD Phoenix serving its answer in the second third-party action, H Mart moved, among other things, for summary judgment on its cause of action alleging failure to procure insurance. By order entered October 8, 2019, the Supreme Court, inter alia, granted that branch of H Mart's motion. JD Phoenix appeals.
"A motion for summary judgment may not be made before issue is joined and the requirement is strictly adhered to" (City of Rochester v Chiarella, 65 NY2d 92, 101 [citation [*2]omitted]; see CPLR 3212[a]; OneWest Bank, FSB v Bernstein, 196 AD3d 591). Since H Mart's motion was made prior to joinder of issue, the Supreme Court should not have granted that branch of the motion which was for summary judgment on the cause of action to recover damages for breach of contract alleging failure to procure insurance (see OneWest Bank, FSB v Bernstein, 196 AD3d 591; Lindbergh v SHLO 54, LLC, 128 AD3d 642, 644). "Although this argument is raised for the first time on appeal, we reach the argument because it presents a pure question of law appearing on the face of the record which could not have been avoided if raised at the proper juncture" (Williams v Ideal Food Basket, LLC, 219 AD3d 917, 918; see MTGLQ Invs., L.P. v Baksh, 215 AD3d 666, 668).
In light of our determination, we need not reach the parties' remaining contentions.
IANNACCI, J.P., MALTESE, CHRISTOPHER and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court