Brooklyn Bound Realty Corp. v Charles (2025 NY Slip Op 03174)

Brooklyn Bound Realty Corp. v Charles

2025 NY Slip Op 03174

Decided on May 28, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 28, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LILLIAN WAN, JJ.

2022-10580
 (Index No. 517027/22)

[*1]Brooklyn Bound Realty Corp., respondent-appellant,
v
Janis Charles, etc., appellant-respondent.

Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellant-respondent.
Leslie M. Gales-Brown, New York, NY, for respondent-appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated November 22, 2022. The order, insofar as appealed from, denied the defendant's motion pursuant to CPLR 3211(a)(1) to dismiss the cause of action alleging breach of contract. The order, insofar as cross-appealed from, denied the plaintiff's cross-motion for summary judgment on the complaint.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant executed an exclusive agency listing agreement with the plaintiff, a licensed real estate brokerage firm, in August 2020. The plaintiff subsequently commenced this action against the defendant, inter alia, to recover damages for breach of contract. The plaintiff alleged that the defendant retained the plaintiff's services to sell certain residential property located in Brooklyn (hereinafter the property). The plaintiff further alleged that it was entitled to a commission because it procured a buyer for the property, Adrian Bartos (hereinafter the buyer), who was ready, willing, and able to purchase the property for the sum of $1,500,000. However, the defendant declined to sign the contract of sale. Subsequently, in 2022, the defendant allegedly entered into a contract to sell the property to the buyer for the sum of $1,805,000, without paying the plaintiff a commission.
Thereafter, the defendant moved pursuant to CPLR 3211(a)(1) to dismiss the cause of action alleging breach of contract. The plaintiff cross-moved for summary judgment on the complaint. In an order dated November 22, 2022, the Supreme Court denied the defendant's motion and the plaintiff's cross-motion. The defendant appeals, and the plaintiff cross-appeals.
"Under CPLR 3211(a)(1), a dismissal is warranted only if the documentary evidence utterly refutes [the] plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Arco Acquisitions, LLC v Tiffany Plaza, LLC, 224 AD3d 798, 799 [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 88). "Thus, the defendant bears the burden of demonstrating that the proffered documentary evidence conclusively refutes the plaintiff's factual allegations" (Arco Acquisitions, LLC v Tiffany Plaza, LLC, 224 AD3d at 799 [internal quotation [*2]marks omitted]). Here, the defendant argued, based upon the submission of the buyer's financial records, that the plaintiff did not procure a buyer who was financially able to purchase the property for the sum of $1,500,000. However, the plaintiff asserted, based upon the submission of a signed contract of sale for the buyer's own home, that the buyer was able to purchase the property. Since the submitted documentary evidence "failed to resolve conclusively all questions of fact" as to whether the buyer was financially able to purchase the property, the defendant failed to utterly refute the plaintiff's allegation that it procured a buyer who was ready, willing, and able to purchase the property (Davis v Farrell Fritz, P.C., 201 AD3d 869, 873; see Ming Long Liu v Kirkwood, 222 AD3d 861, 862). Accordingly, the Supreme Court properly denied the defendant's motion pursuant to CPLR 3211(a)(1) to dismiss the cause of action alleging breach of contract.
Furthermore, contrary to the plaintiff's contention, the Supreme Court properly denied its cross-motion for summary judgment on the complaint. "'A motion for summary judgment may not be made before issue is joined and the requirement is strictly adhered to'" (Maurizaca v CW Highridge Plaza, LLC, 222 AD3d 964, 965, quoting City of Rochester v Chiarella, 65 NY2d 92, 101). Here, since the plaintiff's cross-motion was made before issue was joined, the plaintiff was barred from seeking summary judgment (see JBBNY, LLC v Begum, 156 AD3d 769, 771; Lindbergh v SHLO 54, LLC, 128 AD3d 642, 644).
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
DILLON, J.P., WOOTEN, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court