New York Bus Operators Compensation Trust v American Home Assur. Co. (2025 NY Slip Op 04576)

New York Bus Operators Compensation Trust v American Home Assur. Co.

2025 NY Slip Op 04576

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
LAURENCE L. LOVE, JJ.

2021-02243
2021-04563
 (Index No. 613776/20)

[*1]New York Bus Operators Compensation Trust, appellant, 
v
American Home Assurance Co., respondent.

Barbiero Bisch O'Connor & Commander LLP, Melville, NY (Anthony V. Barbiero of counsel), for appellant.
Squire Patton Boggs (US) LLP, New York, NY (Elizabeth F. Ahlstrand of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for breach of contract and for declaratory relief, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Elizabeth H. Emerson, J.), dated March 3, 2021, and (2) an order of the same court dated June 9, 2021. The order dated March 3, 2021, granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint and denied the plaintiff's cross-motion for summary judgment on the complaint. The order dated June 9, 2021, insofar as appealed from, upon reargument, adhered to the determination in the order dated March 3, 2021.
ORDERED that the appeal from the order dated March 3, 2021, is dismissed, as that order was superseded by the order dated June 9, 2021, made upon reargument; and it is further,
ORDERED that the order dated June 9, 2021, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The plaintiff, New York Bus Operators Compensation Trust (hereinafter NYBOCT), was formed in the early 1990s to provide self-insurance to its members, i.e., school bus and charter bus companies, for their statutory workers' compensation liabilities. NYBOCT hedged against self-insurance of those liabilities by obtaining an excess-of-loss insurance policy (hereinafter the policy) from the defendant, American Home Assurance Co. (hereinafter American Home), for losses more than $150,000, an amount which is referred to as the self-insured retention (hereinafter SIR). The policy covered the policy period of January 1, 1999, to January 1, 2001, and required NYBOCT to give prompt written notice to American Home of any claim that "appears to involve indemnity by [American Home]" or any injury involving a disability where it "appears reasonably likely that there will be disability of more than one year."
During the period prior to 1999 and continuing through December 2015, NYBOCT [*2]retained Arthur J. Gallagher & Co. (hereinafter Arthur Gallagher) to serve as its insurance broker and administrator. NYBOCT also retained third-party administrators (hereinafter TPAs) to adjust and manage claims for workers' compensation benefits made by its member-company employees. A number of different entities served, in succession, as TPA for NYBOCT over the period of January 2007 though January 2016.
In the fall of 1999, an employee bus driver for one of NYBOCT's member-companies suffered physical injuries while driving a bus in the course of her employment. The employee received workers' compensation benefits for her injuries. While she eventually returned to work, she ultimately was unable to continue working due to the lingering effects of her work-related injuries and was ultimately classified as having a permanent partial disability, which reached the one-year mark on July 13, 2006. The workers' compensation benefits paid to the employee exceeded the $150,000 SIR in January 2007. The employee's injuries were first reported to American Home on February 27, 2012, by the TPA at the time, Gallagher Bassett Services, Inc. (hereinafter GBS). By that point, NYBOCT had already paid workers' compensation benefits to the employee in the sum of $363,320.78, far in excess of the $150,000 SIR. GBS sought, on behalf of NYBOCT, reimbursement for the disbursements made for the employee's workers' compensation claim that exceeded the $150,000 SIR. However, by letter dated May 18, 2012, American Home denied coverage on late notice grounds.
NYBOCT allegedly first became aware of the underlying workers' compensation claim and American Home's denial of coverage on August 17, 2016, during a claims meeting among NYBOCT, Arthur Gallager, and the TPA at the time.
In August 2017, NYBOCT commenced an action against Arthur Gallagher, GBS, and a prior TPA, Risk Management Planning Group, Inc. (hereinafter the related action). The gravamen of the complaint in the related action was that the defendants had breached their obligations to NYBOCT by failing to report the underlying workers' compensation claim to American Home in a timely manner, which caused American Home to deny coverage and NYBOCT to incur substantial damages. The related action is the subject of two related appeals (see New York Bus Operators Compensation Trust v Arthur J. Gallagher & Co., ___ AD3d ___ [Appellate Division Docket No. 2021-06032; decided herewith]; New York Bus Operators Compensation Trust v Arthur J. Gallagher & Co., ___ AD3d ___ [Appellate Division Docket No. 2022-00564; decided herewith]).
On September 25, 2020, NYBOCT commenced this action against American Home. In the first cause of action, NYBOCT sought a judgment declaring, inter alia, that the underlying workers' compensation claim is covered by the terms of the policy. In the second cause of action, NYBOCT sought to recover damages for American Home's alleged breach of its contractual indemnification obligations to NYBOCT under the policy. American Home moved, pre-answer, pursuant to CPLR 3211(a) to dismiss the complaint. NYBOCT cross-moved for summary judgment on the complaint. In an order dated March 3, 2021, the Supreme Court granted American Home's motion and denied NYBOCT's cross-motion. NYBOCT then moved for leave to reargue its opposition to American Home's motion and its cross-motion. In an order dated June 9, 2021, the court, among other things, upon reargument, adhered to the determination in the order dated March 3, 2021. NYBOCT appeals.
The Supreme Court, upon reargument, properly adhered to the determination denying NYBOCT's cross-motion for summary judgment on the complaint on the basis that the cross-motion was procedurally improper because it was made before joinder of issue (see CPLR 3212[a]; City of Rochester v Chiarella, 65 NY2d 92, 101; Maurizaca v CW Highridge Plaza, LLC, 222 AD3d 964, 965) and because the circumstances to convert American Home's motion pursuant to CPLR 3211(a) to one for summary judgment were not established here (see id. § 3211[c]; Mihlovan v Grozavu, 72 NY2d 506; Hutchinson v Kings County Hosp. Ctr., 139 AD3d 673, 675).
Accepting the facts alleged in the complaint as true, and according NYBOCT the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d 83, 87-88; Acala v Mintz Levin Cohn Ferris Glovsky & Popeo, P.C., 222 AD3d 706, 707), the Supreme Court, upon [*3]reargument, properly adhered to the determination granting that branch of American Home's motion which was pursuant to CPLR 3211(a) to dismiss the first cause of action, for declaratory relief, because the first cause of action was duplicative of the second cause of action, sounding in breach of contract, and was unnecessary (see Pacella v Town of Newburgh Volunteer Ambulance Corps. Inc., 164 AD3d 809, 814; see also James v Alderton Dock Yards, 256 NY 298, 305; Dolce-Richard v New York City Health & Hosps. Corp., 149 AD3d 903, 904).
NYBOCT's contention that the Supreme Court, upon reargument, should have denied that branch of American Home's motion which was pursuant to CPLR 3211(a) to dismiss the second cause of action, alleging breach of the policy, as time-barred is without merit. "On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired" (Collins-Genova v Louros, 204 AD3d 748, 749 [internal quotation marks omitted]; see Hershman v Bank of N.Y. Mellon, 219 AD3d 812, 814). "The burden then shifts to the plaintiff to aver evidentiary facts establishing that his or her cause of action falls within an exception to the statute of limitations, or raising a question of fact as to whether such an exception applies, or as to whether the cause of action was interposed within the applicable statute of limitations" (Morrow v Vibration Mountings & Controls, Inc., 223 AD3d 736, 738 [internal quotation marks omitted]; see Klein v Deutsch, 193 AD3d 707, 708-709). The statute of limitations for a cause of action alleging breach of contract is six years (see CPLR 213[2]). "A breach of contract cause of action accrues at the time of the breach" (Ely-Cruikshank Co. v Bank of Montreal, 81 NY2d 399, 402; see Statharos v Statharos, 219 AD3d 651, 654), "even when no damage occurs until later, and even though the injured party may be ignorant of the existence of the wrong or injury" (Houtenbos v Fordune Assn., Inc., 200 AD3d 662, 666). Absent clear language to the contrary in the parties' insurance contract, the statute of limitations period on a breach of insurance contract cause of action premised upon an alleged improper disclaimer of coverage generally starts to run on the date that coverage is disclaimed by the insurer (see Anderson v Allstate Ins. Co., 171 AD3d 1331, 1332-1333; Mercedes-Benz Fin. Servs. USA, LLC v Allstate Ins. Co., 162 AD3d 1183, 1184).
Here, American Home established, prima facie, that the limitations period for NYBOCT to assert the breach of contract cause of action began to run, at the latest, when American Home disclaimed coverage for the underlying workers' compensation claim on May 18, 2012, and, therefore, that the breach of contract cause of action was untimely commenced more than six years later, in 2020 (see Ely-Cruikshank Co. v Bank of Montreal, 81 NY2d at 403).
In opposition, NYBOCT failed to rebut American Home's prima facie showing that the breach of contract cause of action was time-barred. The Supreme Court correctly rejected NYBOCT's reliance on the tolling effect of the continuing-wrong doctrine because American Home's allegedly improper disclaimer of coverage was a "single wrong that ha[d] continuing effects[, not] a series of independent, distinct wrongs" (Matter of Salomon v Town of Wallkill, 174 AD3d 720, 721 [internal quotation marks omitted]; see Henry v Bank of Am., 147 AD3d 599). The court also properly rejected NYBOCT's attempt to avoid the untimeliness of the breach of contract cause of action by purporting to create a separate common-law duty on the part of American Home to indemnify NYBOCT based upon American Home's alleged failure to provide NYBOCT notice of disclaimer, because American Home's duty to indemnify NYBOCT for workers' compensation claim payments that exceed $150,000 was derived solely from the policy as opposed to a theory of vicarious liability (see generally Curreri v Heritage Prop. Inv. Trust, Inc., 48 AD3d 505, 507). The court also properly rejected NYBOCT's contention that American Home should be estopped from relying on its disclaimer of coverage or otherwise waived its right to rely on same (see Provencal, LLC v Tower Ins. Co. of N.Y., 138 AD3d 732, 735).
NYBOCT's remaining contention is without merit.
Accordingly, the Supreme Court, upon reargument, properly adhered to the determination granting American Home's motion pursuant to CPLR 3211(a) to dismiss the complaint.
CHAMBERS, J.P., FORD, TAYLOR and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court